FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM CONNELLY | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3-00-cv-720 (JCH) |
| | : | |
| DAVID COSGROVE, ET AL | : | OCTOBER 16, 2003 |
| Defendants | : | |

**RULING AND ORDER**

On March 13, 2003, this court granted a Motion to Withdraw Claims [Dkt. No. 27] as to defendant Talton; dismissed all claims in the amended complaint with prejudice as to defendants Cosgrove, Wolff, Selig, Zacyzynski, Scott, Norko, Young, Lorenzen, DeVeau and John Does Nos.1-6; dismissed without prejudice to reopen and replead for failure to state a claim all claims against defendants Wollenhaupt, Silvis, Clerk of Court and John Does Nos. 7-11 and as to the conspiracy claims against defendants Golemba, Strange, O'Neill, Whidden, Serrano and Cupka; and dismissed without prejudice to reopen and replead all other claims as to defendants Golemba, Strange, O'Neill, Whidden, Serrano and Cupka pursuant to 42 U.S.C. 1997e(a) for failure to exhaust administrative remedies prior to filing suit. [Dkt. No. 28] The court also declined to exercise supplemental jurisdiction over the plaintiff's state law claims. The court informed the plaintiff that he could move to reopen the judgment by filing an amended complaint, provided he could allege facts to state a claim against defendants Wollenhaupt, Silvis, Clerk of Court and John Does Nos. 7-

11 and/or provide evidence of exhaustion of administrative remedies as to his claims against defendants Golemba, Strange, O'Neill, Whidden, Serrano and Cupka. [Dkt. No. 28]

On March 26, 2003, Magistrate Judge Fitzsimmons denied a Motion to Amend [Dkt. No. 17], which Motion had been filed on September 3, 2002, before the court's March 26, 2003 Ruling [Dkt. No. 30]. It, therefore, did not address the infirmities identified in this Court's March 13, 2003 Ruling [Dkt. No. 28].

The plaintiff filed a Notice of Appeal [Dkt. No. 31] on April 7, 2003. The appeal was dismissed for lack of jurisdiction because the March 13, 2003 Ruling was not a final order. [Dkt. No. 36]

The plaintiff has filed a motion to reopen [Dkt. No. 34] and a motion for extension of time to file an amended complaint [Dkt. No. 35]. In the motion for extension of time, the plaintiff seeks additional time to permit him to exhaust his administrative remedies. The Second Circuit has held, however, that the requirement of complete exhaustion of administrative remedies, pursuant to 42 U.S.C. § 1997e(a), must be satisfied before a federal action is commenced. See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) (holding that an inmate may not avoid the requirements of 42 U.S.C. § 1997e(a) by exhausting administrative remedies after filing a civil rights action in federal court).

## CONCLUSION

Accordingly, the plaintiff's Motion for Extension of Time [doc. # 35] to exhaust

his administrative remedies before filing his amended complaint is DENIED. The plaintiff's Motion to Reopen Judgment [doc. # 34] is DENIED without prejudice.

The plaintiff is hereby given 30 days to file an Amended Complaint, as the court intended to allow him to do in its March 13 Ruling, provided he can allege facts to state a claim against defendants Wollenhaupt, Silvis, Clerk of Court and John Does Nos. 7-11 and/or provide evidence of exhaustion of administrative remedies as to his claims against defendants Golemba, Strange, O'Neill, Whidden, Serrano and Cupka. Any amended complaint must be accompanied by evidence that the plaintiff has exhausted his administrative remedies with respect to the claims against defendants named in that Amended Complaint. To the extent the court has dismissed claims without the right to replead, the court's Ruling [Dkt. No. 28] in that regard cannot be appealed until the case goes to final judgment. The Clerk is directed to reopen this case upon the filing of an amended complaint.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 16th day of October, 2003.

Janet C. Hall
United States District Judge