FILED

2003 NOV 12  A 10: 27

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM CONNELLY | : | CIVIL ACTION |
| | | NO. 3:00CV720 (JCH) |
| V. | : | |
| DAVID COSGROVE, ET AL. | : | NOVEMBER 11, 2003 |

### CO-DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR ENTRY OF SEPARATE, FINAL JUDGMENT PURSUANT TO RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

The co-defendant, Kenneth Selig ("Dr. Selig"), submits this memorandum of law in support of his motion for entry of separate, final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. In sum, Dr. Selig maintains that there is no just reason for delay in the entry of a separate, final judgment based on the court's March 12, 2003 order dismissing all claims against him.

For the reasons set forth below, the court should grant Dr. Selig's motion and enter a separate, final judgment in his favor.

### FACTUAL BACKGROUND

This action was commenced on or about April 20, 2000. By a ruling and order dated March 12, 2003, the court *sua sponte* dismissed all of the plaintiff's claims against Dr. Selig and several other former defendants with prejudice. The plaintiff's appeal of the March 12, 2003 order was dismissed for a lack of a final judgment. By an order dated October 16, 2003, the court gave the plaintiff 30 days to file an amended complaint against various other defendants, not including Dr. Selig. The claims against

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the other defendants do not appear to be related to the claims the plaintiff had asserted against Dr. Selig.

## ARGUMENT

I. **THE COURT SHOULD ENTER A SEPARATE, FINAL JUDGMENT IN FAVOR OF DR. SELIG BECAUSE THE COURT HAS DISPOSED OF ALL OF THE CLAIMS AGAINST HIM AND THERE IS NO JUST REASON FOR DELAY**

Rule 54(b) provides, in relevant part, that:

> [w]hen more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In order to meet Rule 54(b)'s criteria, the Second Circuit has held that the following three-part test must be satisfied:

> (1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. §§ 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment.

Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2d Cir.1997) (quoting Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1901 (2d Cir. 1992)). The Second Circuit requires, however, that "[s]ince the certification is to be reviewed for abuse of discretion, it must be accompanied by a reasoned, even if brief, explanation of the basis for the court's determination that there is no just cause for delay; a certification that is conclusory or merely quotes the words of the Rule is insufficient." L.B. Foster Co.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

v. Am. Piles, Inc., 138 F.3d 81, 86 (1998). Here, the circumstances satisfy all parts of the test, each of which will be addressed in turn.

### A. THE ACTION INVOLVES MULTIPLE COUNTS AGAINST MULTIPLE PARTIES

This action concerns multiple claims against multiple parties. In addition to Dr. Selig, the plaintiff also named numerous other defendants. The March 12, 2003 ruling disposed of all the plaintiff's claims against Dr. Selig. The plaintiff's claims against some of the remaining defendants may still be before the court. He has 30 days from the October 16, 2003 ruling to file an amended complaint against certain other defendants. Those potential claims do not appear to be related to the claims asserted against Dr. Selig.

### B. THE COURT'S MARCH 12, 2003 ORDER HAS THE REQUISITE ASPECT OF FINALITY FOR PURPOSES OF APPEAL

The March 12, 2003 order is final for purposes of Rule 54(b). As noted above, the determination of finality under Rule 54(b) is co-extensive with the requirement of a final decision for purposes of appeal under 28 U.S.C. § 1291. This finality is essential to the Court of Appeals' jurisdiction because Congress has commanded that by the power granted to it by Article III, it "*shall* have jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C. § 1291 (emphasis added). If the decision "ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment" entered on that claim, then the decision is final. Ginett, 962 F.2d at 1092.

In applying this standard to the present case, the court's order dismissing all claims against Dr. Selig is final. The court made its decision on the ground that the

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

plaintiff's allegations are outside the statute of limitations and the undisputed facts of this case did not trigger tolling. As such, there are no more claims remaining against Dr. Selig and there is nothing remaining for the court to do but execute a separate, final judgment concerning its order disposing of all claims against Dr. Selig. In fact, the court's October 16 ruling notes that its March 12 ruling cannot be appealed until a judgment is entered.

### C. THERE IS NO JUST REASON FOR DELAYING AN ENTRY OF A SEPARATE FINAL JUDGMENT

The court should find that there is no just reason for delay for an entry of a separate, final judgment in favor of Dr. Selig. There is no substantial relationship between the claims disposed of by the March 12, 2003 order and those that may possibly be asserted in the case against the other defendants. The claims against Dr. Selig presented separate legal issues from the claims that may be asserted against the remaining defendants. Because the court dismissed all claims that may be asserted against Dr. Selig, he is a party with no remaining interest in the litigation. Moreover, there is no risk that the correctness of the March 12, 2003 order would be affected by a later decision of the unadjudicated claims against the remaining parties. In fact, it is prejudicial to have any appellate review of the propriety of the court's March 12, 2003 order on this legal issue delayed until resolution of all of the claims involving the remaining parties. Thus, there is no just reason for a delay of an entry of a separate, final judgment concerning the court's order dismissing the plaintiff's claims against Dr. Selig.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## II. CONCLUSION

For the foregoing reasons, Dr. Selig respectfully requests that the court grant his motion; certify pursuant to Rule 54(b) that there is no just reason for delay of the entry of a separate, final judgment; and direct the entry of a final judgment in his favor.

THE DEFENDANT:
KENNETH SELIG

By _____
David G. Hill
Fed Bar #ct 13435
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 11th day of November, 2003, I hereby mailed a copy of the foregoing to:

William Connelly
Inmate #290678
c/o Greensville Correctional Center
901 Corrections Way
Jarratt, VA   23870

Attorney Margaret Chapel
Attorney General's Office
State of Connecticut
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105

_____
David G. Hill

483499_1.doc

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105