Circuit Court of Appeals in Richmond and the United States Supreme Court (if applicable, the Second Circuit Court of Appeals) supports the right of an inmate to retain his legal papers at the facility in which he is confined. Cf. <u>Oxendine v. Williams</u>, 509 F.2d 1405 (4th Cir. 1975); <u>Carter v. Hutto</u>, 781 F.2d 1028 (4th Cir. 1986); <u>Crawford-El v. Britton</u>, 523 U.S. 574 (1998); <u>Bounds v. Smith</u>, 430 U.S. 817 (1977); <u>Morello v. James</u>, 810 F.2d 344 (2d Cir. 1987); <u>Steinberg v. Taylor</u>, 500 F. Supp. 477 (D. Conn. 1980).

    My claim is enhanced by (1) the failure of the trial court to appoint appellate counsel, (2) the verbal assurance of Connecticut DOC that each inmate would be allowed to retain the legal papers that accompanied him to VA, (3) my status as a pro se litigant, (4) an inmate's lack of the right to appointment of counsel at the federal level once state remedies are exhausted, (5) the fact that all legal papers accompanying me to Virginia had been stored in my cell in Connecticut, and (6) a trial court order on my judgment mittimus stipulating that I be given access to a law library and be allowed to retain my personal legal files (attached).

    Connecticut DOC abolished law libraries, therefore, on balance, I have greater access to court in Virginia than in Connecticut. This is not to be construed as a request to be returned to Connecticut.

JUN 2 2 2001
DIVISION OF OPERATION
ZOMBUDSMAN SERVICES UNIT

My claim is based on the Sixth Amendment right of access to court, applicable to the states via the Fourteenth Amendment. Additionally, an equal protection claim might lie as, according to my information and belief, Virginia inmates are allowed to retain their legal papers at the facility in which they are confined.

If I am required to send 3 of the 4 small boxes of legal papers currently stored in the Property Room out of the facility, I will be deprived of 80% to 90% of the legal papers I possessed upon my arrival at Greensville Correctional Center, thereby hindering the litigation of criminal and civil cases of which I am a party.

Therefore, for the foregoing reasons, I should be allowed to retain and access, in the facility, those legal materials in excess of the amount kept in my cell.

Respectfully submitted,
William Connelly, #290678
Greensville C.C.
901 Corrections Way
Jarratt, VA 23870

June 11, 2001

JUN 2 2 2001

DIVISION OF OPERATION
OMBUDSMAN SERVICES UNIT

3

☐ CONTINUANCE
☐ FAILURE TO MEET CONDITIONS OF RELEASE UNDER 54-2a

INSTRUCTIONS TO CLERK
Prepare separate Mittimus for each file.
TO OFFICER
Original to receiving facility; return copy to court.

RECEIVED
MAY 16 2001
Department of Correction
Regional Director
Eastern Region

TO: Any Proper Officer — Appeal Bond set @ $500,000

DOCKET NO.: CR 89-114745
NAME OF DEFENDANT: William Connelly
DATE OF DISPOSITION: 3-3-95
NAME AND LOCATION OF RECEIVING FACILITY: Walker
NAME AND LOCATION OF COURT: GA 15
DATE OF BIRTH: 3-6-43
DATE SENTENCE TO BEGIN (If different):

CRIME(S) CONVICTED:
- FIRST COUNT - STATUTE NO.: 53a-94    DATE OF OFFENSE: 11-10-89
- SECOND COUNT - STATUTE NO.: 53a-94    DATE OF OFFENSE: 11-10-89
- THIRD COUNT - STATUTE NO.: 53a-60    DATE OF OFFENSE: 11-10-89

CRIME(S) CHARGED:
- FOURTH COUNT - STATUTE NO.: 53a-60    DATE OF OFFENSE: 11-10-89
- FIFTH COUNT - STATUTE NO.:    DATE OF OFFENSE:
- SIXTH COUNT - STATUTE NO.:    DATE OF OFFENSE:

Whereas by a judgment of said court, said defendant was convicted of the above crime(s) and sentenced to imprisonment as follows:

COUNTS AND TERMS (If convicted of portion of sentence is suspended, show only time to be served.)

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL EFFECTIVE SENTENCE |
|---|---|---|---|---|---|---|
| 15 yrs | 15 yrs | 5 yrs | 5 yrs | | | 40 yrs |

SPECIFY HERE ANY PERTINENT CONDITIONS, IF SENTENCES ARE CONSECUTIVE AND IF PROBATION WAS ORDERED.

Sentences to run consecutively. Mr. Connelly is to [be] housed at facility with Law Library if at all possible. Mr. Connelly should have access to his personal legal files when needed — Schoenblum, J.

☐ (If a person under the age of 21 receives a reformatory sentence in accordance with section 18-65a or 18-73 of the General Statutes, in no event shall the term be longer than either the maximum term of imprisonment for the crime(s) committed or for a term of more than five (5) years.

☐ And said defendant pay to the State of Connecticut the amount of fines now unpaid as shown below and be committed to the above facility in default of payment of said fines. (A defendant may not be incarcerated for failing to pay fees or costs.)

COUNTS AND FINES

| First | Second | Third | Fourth | Fifth | Sixth | TOTAL UNPAID BALANCE |
|---|---|---|---|---|---|---|
| | | | | | | |

☐ The Defendant is entitled to sentence credit of _____ days.

Whereas it is ordered that said case be continued and/or transferred for future proceedings before said court.
TO BE HELD AT (Name and address of court)

BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to deliver said defendant to the custody of the Commissioner of Correction and/or the Warden or Administrator at the above facility and said Commissioner and/or Warden or Administrator is hereby commanded to receive and keep said defendant for the period fixed by said order or judgment of the court or until legally discharged, provided that when a defendant has been sentenced to a term of imprisonment and ordered to pay a fine, if the fine has not been paid by the time the sentence has been served, the defendant may not continue to be incarcerated unless the judicial authority has found that the defendant is able to pay the fine and that the defendant's nonpayment is wilful.

☐ J.D. ☐ G.A.   ON (Date):    SURETY BOND AMOUNT:

SIGNED (Assistant Clerk): [signature]
By Order of the Court
DATE SIGNED: 3-17-95

RECEIVING FACILITY TIME STAMP:
MAR 1995 Received MacDougall C.I. Records Office

ACKNOWLEDGMENT OF DELIVERY OF DEFENDANT
said defendant into the custody of the Commissioner of Correction and/or his agent and left this with him

LOCATION OF RECEIVING FACILITY:
JUN 22 2001 DIVISION OF OPERATION OMBUDSMAN SERVICES UNIT

DELIVERING OFFICER: SIGNATURE OF DELIVERING OFFICER
SIGNATURE OF RECEIVING OFFICER

Apx B

Policy Memorandum 99-8
Attachment 1

## GREENSVILLE CORRECTIONAL CENTER
## REQUEST FORM

TO: ~~_____~~  DATE: April 18, 2001

INMATE NAME: William Connelly  NUMBER: 290678  BLDG/CELL: 7-434

Briefly state your request on this form only and address *only one issue*. Forward to the appropriate area for response.

MEDICAL _____   PERSONAL PROPERTY _____   MAINTENANCE _____
COUNSELOR _____   UNIT MANAGER _____   BUILDING SUPERVISOR _____
OTHER  X

Pursuant to our discussion today regarding the legal papers I have in the storage room, please intervene on my behalf and/or arrange for a court-appointed attorney to represent me in this matter. My position is that the decisions of the District Court for the Eastern District of Virginia, the Fourth Circuit Court of Appeals and the U.S. Supreme Court support my right to store and access legal materials beyond the amount I can keep in my cell. All these legal materials were kept in my cell in CT, where the cell had more storage space.

INMATE SIGNATURE: [signature]  DATE: April 18, 2001

ACTION TAKEN/RESPONSE: I have been advised by the Personal Property Office that per Ms. Millard's instruction you will be allowed to keep one box of your legal materials in the Personal Property Office. I was also advised that you were to come to the Personal Property Office and go through the other 3 boxes and decide what you needed and then the rest would have to be sent out.

DATE OF ACTION/RESPONSE: 5-10-01

STAFF SIGNATURE /TITLE: D.Y. Kinsley, coordinator court-appointed attorney program     4/24/01

ORIGINAL TO INMATE
COPY IN HUM FILE

TO: Unit Mgr. Hicks

INMATE NAME: William Connelly              DATE: April 9, 2001
                                NUMBER: 290678
                                                          BLDG/CELL: 7
                                                                     434

Briefly state your request on this form **only** and address **only one** issue. Forward to the appropriate area for response.

MEDICAL _____       PERSONAL PROPERTY _____       MAINTENANCE _____       COUNSELOR _____
UNIT MANAGER ✓      BUILDING SUPERVISOR _____       OTHER _____

Please arrange to allow me to access my legal papers within the next 10 days — Boxes #2 and #4. Thank you.

INMATE SIGNATURE: _____                    DATE: April 9, 2001

ACTION TAKEN/RESPONSE:

DATE OF ACTION/RESPONSE: _____
STAFF SIGNATURE/TITLE: _____

ORIGINAL TO INMATE
COPY IN HUM FILE

TO: Mr. Peterson, Prop. Officer

INMATE NAME: William Connelly

DATE: May 2, 2001

NUMBER: 290678

BLDG/CELL: 7-424

Briefly state your request on this form **only** and address **only** one issue. Forward to the appropriate area for response.

MEDICAL ____  PERSONAL PROPERTY ____  MAINTENANCE ____

UNIT MANAGER ____  BUILDING SUPERVISOR ____  OTHER ✓  COUNSELOR ____

RE: Legal materials in Storage Room.

I have filed a regular grievance and deposited the grievance + attachments in the box provided in the concourse. I am extremely concerned the boxes will be shipped to a prison in Connecticut inasmuch as I have litigation against CT Dept. of Correction. Therefore the confidentiality and integrity of the legal materials will be jeopardized if the boxes are shipped to CT DOC. Please await the outcome of the regular grievance process. If the ruling is adverse to me, please call me to the Storage Room to designate an addressee.

INMATE SIGNATURE: WmC

DATE: May 2, 2001

ACTION TAKEN/RESPONSE:

DATE OF ACTION/RESPONSE: ____

STAFF SIGNATURE/TITLE: ____

ORIGINAL TO INMATE
COPY IN FILM FILE

May 16, 2001

To: Property Officer Vaughn
From: William Connelly, #290678, 7-424
Re: Legal Papers

This is to remind you that when I spoke with you last week you stated I will be able to access my legal papers on your return, Monday, May 21, 2001.

My Level I grievance has been denied and I have filed a Level II grievance with the Regional Director.

As you suggested, I will notify the block officer on Monday that I have an appointment in the Property Room.

*[signature]*

Policy Memorandum 99-8
Attachment 1

# GREENSVILLE CORRECTIONAL CENTER
# REQUEST FORM

TO: Property Room - Paterson/Vaughn   DATE: Aug 4, 2001

INMATE NAME William Connell   NUMBER 290678   BLDG/CELL 7-443

Briefly state your request on this form only and address *only one issue*. Forward to the appropriate area for response.

MEDICAL ____
COUNSELOR ____
OTHER ____

PERSONAL PROPERTY ✓
UNIT MANAGER ____

MAINTENANCE ____
BUILDING SUPERVISOR ____

Please schedule me so that I can access my 4 boxes of legal papers.

INMATE SIGNATURE: [signed]   DATE: Aug 4, 2001

ACTION TAKEN/RESPONSE:

DATE OF ACTION/RESPONSE: _____

STAFF SIGNATURE /TITLE: _____

ORIGINAL TO INMATE
COPY IN HUM FILE

APX B

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

Inmate name: William Connelly
Inmate no.: 290678
Facility: Greensville Corr. Ctr.
Housing unit: 7
Date: 05-20-03

[X] Line grievance   [ ] Line emergency   [ ] Health grievance   [ ] Health emergency

1. **Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

   (Attached)

2. **Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

   Cupka has repeatedly violated rights, including but not limited to, 7-day job good time, mail rerouting and now, a libelous statement about my mental health.

3. **Action requested.** Describe what action you want taken to remedy the grievance.

   (a) Recall Cupka to Connecticut, and
   (b) refer this matter to the offices of the CT Chief State's Attorney and the VA Commonwealth's Attorney.

   Inmate signature: Wm C

   You may appeal this decision within 5 days. Use Inmate Grievance Form B.

---

**FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW**

IGP no.: 2VA-03-004       T no.:
Date received: 5/28/03    Disposition: Denied    Date of disposition: 6/13/03
Grievance issue: Staff conduct
Reasons:

Please see attached.

Level-1 reviewer: [signature]

<u>Attachment to Level 1 Grievance.</u>

On May 16, 2003 I was called to the S-3 Medical Unit although I had submitted no medical request.

I was directed into an office occupied by Dr. Rodney, a VDOC psychologist. Dr. Rodney asked if anything was wrong. I stated I do not talk to mental health personnel.

I then asked Dr. Rodney what she meant, i. e., who made a report suggesting I should talk with a mental health worker.

Dr. Rodney stated I was referred by the Connecticut On-site Monitor, who stated I was "angry" with him.

I stated J. Cupka (the Connecticut On-site Monitor) is a defendant in a civil suit I filed and is trying to discredit me.

At that point I terminated the interview.

---------------------

This is Cupka's most recklessly vindictive act yet. He is clearly out of control. He should be recalled to Connecticut and the Office of the Chief State's Attorney should investigate Cupka's perpetuation of a vendetta, a vendetta which existed before my transfer to Virginia.

WAC
5-20-03

MAY 2003

Policy Memorandum 99-8
Attachment 1

# GREENSVILLE CORRECTIONAL CENTER
# REQUEST FORM

TO: On-site Monitor

INMATE NAME: W. Connelly   DATE: 05-18-03
NUMBER: CT#189009 / VA# 290678   BLDG/CELL: 7-415

Briefly state your request on this form only and address only one issue. Forward to the appropriate area for response.

MEDICAL ___
COUNSELOR ___
OTHER ✓
PERSONAL PROPERTY ___
UNIT MANAGER ___
MAINTENANCE ___
BUILDING SUPERVISOR ___

On 05/__/03 I was called to S-3 Medical and confronted by a mental health worker who stated you made a mental health referral because I was angry with you. What is the explanation for that?

INMATE SIGNATURE: [signature]   DATE: 05-18-03

ACTION TAKEN/RESPONSE:

Because of your statements made to several staff here of me being "out to get you." All of which in my opinion are paranoid delusions. Hence the mental health referral. I found your perceptions far fetched, seeing as I have spoken to you only twice since you arrived here from Jct. DOC. Your perceptions have shown me irrational thought processes on your behalf.

DATE OF ACTION/RESPONSE: 5/19/03
STAFF SIGNATURE/TITLE: [signature] A. Cropka

ORIGINAL TO INMATE
COPY IN HUM FILE



# STATE OF CONNECTICUT
DEPARTMENT OF CORRECTION
OFFENDER CLASSIFICATION & POPULATION MANAGEMENT
INTERSTATE COMPACT OFFICE
1153 EAST STREET SOUTH
SUFFIELD, CONNECTICUT 06080

June 13, 2003

William Connelly
CT# 189009 VA# 290678
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870

RE:   Grievance # 2VA-03-004

Your grievance has been DENIED for the following reason:

Issue: Staff Conduct

You claim Lt. Cupka made a mental health referral "to discredit you" and "perpetuate a vendetta". The act of making a mental health referral is within the scope of Lt. Cupka's job duties. There is no documentation to support your claim.

Issue:   Time calculation

According to Administrative Directive 4.2, *Sentence Computation and Time Keeping*, you will be awarded 7-day job credit if you meet the criteria. Your complaint regarding 7-day job credit was addressed in grievance 2VA-03-001. Time sheets are issued quarterly. The next time sheet will be distributed after July 1, 2003, which will show the most accurate credit to date.

Issue:   Mail

You have not provided evidence that Lt Cupka or anyone else is re-routing your mail. This complaint was addressed in grievance 2VA-02-008.

Please note that in accordance with Administrative Directive 9.6, *Inmate Administrative Remedies*, each grievable matter shall be submitted on a separate Inmate Grievance Form. Grievances with multiple issues will be rejected and returned to the inmate who must resubmit each matter on one grievance form.

Sincerely,

Lynn Milling, Major
Interstate Compact Office

# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601B
7-1-98

Inmate name: William Connelly
Inmate no.: CT# 189009 / VA# 290678
Facility: Greensville Corr. Ctr.
Housing unit: 7-415
Date:

[X] Line grievance   [ ] Line emergency   [ ] Health grievance   [ ] Health emergency

IGP no. ZVA-03-004   T no.

Use this form to appeal a Level-1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level-1 response; deposit it in the box for inmate grievances.

Appeal. I am appealing the Level-1 decision because: The mental health referral is the issue; the rest is background. This action by Mr. Cupka, a defendant in a lawsuit, is civilly actionable and probably felonious.

Inmate signature: [signed]   Date: 06-24-03

Dated 06/13/03, tendered to me on 06/23/03.

### FOR OFFICIAL USE ONLY. LEVEL 2 REVIEW

Date received: 7/3/03   Disposition: Denied.   Date of disposition: 7/9/03

Reasons: See attached

Level-2 reviewer: Mary M [signed]

[ ] This grievance may be appealed within 5 days to Level 3
[X] This grievance may not be appealed to Level 3 (see A.D. 9.6, Sect. 17)

Appeal. I am appealing the Level-2 decision because:

Inmate signature:   Date:

Deposit your appeal in the box for inmate grievances.

### FOR OFFICIAL USE ONLY. LEVEL 3 REVIEW

Date received:   Disposition:   Date of disposition:

Reasons:

Level-3 reviewer: