UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM CONNELLY | : | CIVIL ACTION |
| | | NO. 3:00CV720(JCH) |
| V. | : | |
| DAVID COSGROVE, ET AL | : | DATE: 11-24-03 |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SELIG'S MOTION PURSUANT TO RULE 54(b)

The plaintiff, William Connelly, submits this memorandum of law in opposition to defendant Selig's motion for entry of a separate, final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The plaintiff alleges in his complaint and amendments thereto that defendant Selig was an integral part of a political vendetta/conspiracy in violation of 42 U. S. C. §§ 1983, 1985 and 1986 and state tort law.

### ARGUMENT

I. According to the law of the case as determined by the Court of Appeals, a final order was not issued by the district court as contemplated by 28 U. S. C. § 1291.

Upon receiving the Ruling and Order of March 12, 2003, the plaintiff filed an appeal in the Court of Appeals for the Second Circuit. The Court of Appeals determined sua sponte that it lacked jurisdiction over the appeal because a final order had not been issued by the District Court as contemplated by 28 U. S. C. §1291. Therefore, the appeal was dismissed on September 22, 2003, USCA docket number 03-104.

II. The splitting of the defendants renders the sua sponte dismissal with prejudice as to defendant Selig not a final judgment.

A district court cannot in the exercise of its discretion treat as final that which is not final within the meaning of 28 U. S. C. § 1291. <u>Domaco Venture Capital Fund v. Teltronics Services, Inc.</u>, 551 F. 2d 508, 509 (2d Cir. 1977). The requirement of finality is to be given practical rather than technical construction and involves consideration of factors underlying all questions of finality; e. g., inconvenience and costs of piecemeal review as weighed against the possibility of denying justice by delay; therefore, restricting appellate review to final decisions within the meaning of § 1291 prevents the debilitating effect on judicial administration caused by piecemeal appellate disposition of an integrated controversy. <u>Eisen v. Carlisle & Jacquelin</u>, 417 U. S. 156, 170-71 (1974).

A district court's order usually is not final as any defendant so long as claims against other defendants are pending. <u>Chapple v. Levinsky</u>, 961 F. 2d 372, 374 (2d Cir. 1992). It would be inappropriate to apply the finality rule when observance of it would practically defeat the right of any review of a constitutional claim. <u>In Re Subpoenas to Loc. 478, I. U. O. E. & Ben. Funds</u>, 708 F. 2d 65, 69 (2d Cir. 1983).

Defendant Selig is linked to the other defendants by the allegations of political vendetta/conspiracy and piecemeal disposition disrupts the flow of factual exposition. It is inconvenient to litigate against defendant Selig in one forum while litigating against the other defendants in another forum or forums. The costs to the plaintiff and the court(s) would be unreasonable and unfair.

The plaintiff is further prejudiced regarding the SOL issue in that a piecemeal disposition interrupts the continuum of wrongdoing and the process of drawing inferences about the conspiracy.

Defendant Selig's memorandum of law states that the potential claims against the other defendants do not appear to be related to the claims asserted against defendant Selig. The plaintiff has alleged, contrarily, that defendant Selig was an integral part of the conspiracy. Whiting personnel fed him the prejudicial, defamatory and outdated divorce statement and defendant Selig cynically testified the statement was credible **because** it was the product of a divorce proceeding. Prior to the second sentencing in 1995, Selig tried to speak with the plaintiff as the plaintiff sat in an interview room in the county jail awaiting the author of the PSI. Selig failed to state he had been appointed by the court. Although the plaintiff refused to sign a release of psychiatric information proffered by the author of the PSI, the PSI contained factual allegations and unattributed diagnoses strikingly similar to those in defendant Selig's report at the 10/26/90 sentence/commitment hearing. Finally, defendant Selig remains in lockstep with the other

3

defendants in describing the plaintiff's allegation that the crime can only be understood in the context of the political vendetta/conspiracy (the victims being apolitical pawns) as a symptom of mental illness.

In arguing the SOL issue on appeal, central to the plaintiff's argument will be the assertion that all defendants were perpetuating a political vendetta/conspiracy and, at least, were aware of the vendetta/conspiracy, but failed to do anything to prevent it. Defendant Selig is no exception.

III. Rule 54(b) is not applicable and, even if it were, the criteria have not been met.

There is an historic federal policy against piecemeal appeals and the court's power under Rule 54(b) to enter a final judgment before an entire case is concluded should be exercised sparingly. Cullen v. Margiotta, 811 F. 2d 698, 710 (2d Cir. 1987). A district court may make a finding that there is no just reason for delay only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal. Id. at 711. In the instant case, there is no hardship or injustice to defendant Selig if he is not separated from the other defendants. To grant this motion will be a hardship and injustice to the plaintiff who has already attempted to appeal, paying a $150 dollar fee, and the Court of Appeals ruled there was no final judgment. As a matter of judicial economy, the courts benefit from leaving the defendants packaged.

4

Certification of an order resolving fewer than all claims must be accompanied by a reasoned explanation for the court's determination that there is no just cause for delay; certification that is conclusory is insufficient. <u>L. B. Foster Co. v. America Piles, Inc.</u> 138 F. 3d 81, 86 (2d Cir. 1998). No court has given any explicit reason for separating defendant Selig from all other defendants. Furthermore, it is normal practice in cases arising at the pleading stage to assume that the plaintiff's allegations are meritorious. See <u>EEOC v. Waffle House, Inc.</u>, 154 L. Ed. 2d 755, 762 n. 2 (2002). Defendant Selig seems to assume the plaintiff's allegations linking Selig to a political vendetta/conspiracy can be treated dismissively at the pleading stage. The linkage speaks to the SOL issue. Regardless of the comparative merits of the arguments about the SOL issue, defendant Selig has offered no just reason for delay nor has he revealed some danger of hardship or injustice which would be alleviated by immediate appeal. See <u>Advanced Magnetics v. Bayfront Partners</u>, 106 F. 3d 11, 16 (2d Cir. 1997).

IV. Defendant Selig's Rule 54(b) motion fails to fully and specifically acknowledge the plain meaning of the Ruling and Order of October 16, 2003.

The R/O of 10/16/03 states: "To the extent the court has dismissed claims without the right to replead, the court's Ruling [Dkt. No. 28] in that regard cannot be appealed until the case goes to final judgment. The Clerk is directed to reopen this case upon the filing of an amended complaint." Therefore, the Rule 54(b) motion should be denied.

## CONCLUSION

For the foregoing reasons defendant Selig's motion pursuant to Rule 54(b) should be denied.

Respectfully submitted,

William Connelly
CT# 189009; VA# 290678
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870

## CERTIFICATION

This is to certify that a copy of this memorandum in opposition to defendant Selig's Rule 54(b) motion was mailed postage prepaid to:

Attorney David G. Hill
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

AAG Henri Alexandre
AAG Margaret Chapple
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105

Emanuel Wolff, M. D.
DVA Medical Center
3601 South Sixth Avenue
Tucson, AZ 85723

Date: 11-24-03

William Connelly
CT# 189009; VA# 290678