UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM CONNELLY                    :        CIVIL ACTION
                                    :        NO. 3:00-CV-720 (JCH)
V.                                  :
                                    :
DAVID COSGROVE, ET AL.              :        SEPTEMBER 14, 2004

## CO-DEFENDANT KENNETH SELIG'S MOTION FOR RECONSIDERATION AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to Local Rule 7(c), the co-defendant, Kenneth Selig, M.D. ("Dr. Selig"),

moves for reconsideration of the Court's ruling and order denying his motion for the

entry of a separate, final judgment pursuant to Fed. R. Civ. P. 54(b). For the reasons

set forth below and in Dr. Selig's initial motion filed on November 12, 2003, the Court

should grant reconsideration and enter a final judgment in favor of Dr. Selig.

The reconsideration of a ruling is appropriate where the Court has overlooked

case law or other matters. See United States v. All Assets of Blue Chip Coffee, Inc.,

882 F.Supp. 45, 46 (E.D.N.Y. 1995). In the instant case, the Court, at page 4 of its

ruling, states that it has not been explained to the Court what prejudice results from the

delay of the entry of a final partial judgment. Also, at that same page of its ruling, the

Court concludes that "no danger of injustice or undue hardship exists due to the delay in

the entry of final judgment as to defendant Selig."

The conclusion in the Court's ruling is misplaced and reconsideration is

appropriate. The entry of a partial final judgment in the instant case is not a matter of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

courtesy or accommodation. The extended delay in the entry of a partial final judgment, pursuant to Rule 54(b), is causing a great deal of prejudice to Dr. Selig. The primary focus of Dr. Selig's practice is forensic psychiatry. He often serves as an expert witness. Because of the extended delay in the entry of a final judgment, Dr. Selig must continue to disclose that there is a pending lawsuit against him. He is also forced to endure the embarrassment of having to explain the situation. The continued pendency of the lawsuit can also be the subject of cross-examination in cases where Dr. Selig is retained as an expert. It is also appears to be factoring into the decisions of persons who are considering whether to retain him as an expert. Thus, in addition to the personal embarrassment associated with having to explain the situation, the extended delay in the entry of a partial, final judgment appears to be having an adverse financial impact on Dr. Selig. Under the Court's recent ruling, Dr. Selig must endure this prejudice indefinitely.

Moreover, the Court's ruling overlooks the fact, which is confirmed by the Court's docket, that this case was filed on April 20, 2000, approximately 4 ½ years ago. (Docket Entries Nos. 1-2) The Court dismissed all claims against Dr. Selig on or about March 12, 2003, approximately 1 ½ years ago. (Docket Entry No. 28) Dr. Selig's Rule 54(b) motion was fully briefed for approximately nine months before the Court ruled on it. (Docket Entries Nos. 43 & 45) Thus, under the Court's recent ruling, Dr. Selig must endure the prejudice set forth above, indefinitely.

2

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Furthermore, the Court overlooks the fact that in or about January, 1998, the plaintiff brought a prior civil rights action against Dr. Selig based on similar allegations. (Docket Entry No. 11, Dr. Selig's Mem. of Law filed on 6/10/02, in support of his motion to dismiss, at 6-7, & Ex. B thereto) By an endorsement order in September, 1999, the Court, per Judge Chatigny, granted Dr. Selig's motion for summary judgment in that previous case. (Id.) That endorsement order was confirmed in footnote two of Judge Chatigny's July 17, 2001 ruling and order in the prior case. (Id. & Ex. C thereto) Thus, despite two successful, dispositive rulings, under the Court's recent ruling, Dr. Selig must endure the prejudice identified above, indefinitely.

The Court further overlooks the fact that the docket in the instant case reflects that Dr. Selig is the only defendant to have appeared in this matter. Thus, in this case, which has been pending for nearly 4 ½ years, Dr. Selig appeared and successfully defended himself. Nevertheless, his appearance and two dispositive rulings notwithstanding, under the Court's recent ruling, Dr. Selig must endure the prejudice and embarrassment identified above, and wait indefinitely, to see if the plaintiff will file another appeal to the Second Circuit. Such a result is inappropriate.

Having twice obtained dispositive rulings from the Court, Dr. Selig should not be forced to endure the prejudice and embarrassment of a pending lawsuit and to have to await, indefinitely, the outcome of a litigation which has been pending for 4 ½ years and in which no other defendants have been served and/or appeared. A defendant's right to finality should be at least equal to a plaintiff's right to prosecute a case. In the case at

3

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

ba·, the continued adverse impact on Dr. Selig is inappropriate. It is also inappropriate to force him to have continue to monitor this litigation. As set forth in Dr. Selig's initial motion, there is no just reason for a delay in the entry of a judgment in his favor under Rule 54(b). Having twice obtained dispositive rulings from the Court, the Court, in the interest of finality and given the prejudice being imposed on Dr. Selig, should enter a final judgment in Dr. Selig's favor.

**WHEREFORE,** good cause having been shown, the Court should grant Dr. Selig's motion for reconsideration and enter a partial final judgment in his favor based on its March 12, 2003 order dismissing all the claims against him.

**THE DEFENDANT:**
**KENNETH SELIG**

By _____
David G. Hill
CT Fed Bar # 13435
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel. No. (860) 522-6103
Fax No. (860) 548-0006

His Attorney

4

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 14th day of September, 2004, I hereby mailed a copy of the foregoing to:

William Connelly
Inmate #290678
c/o Greensville Correctional Center
901 Corrections Way
Jarratt, VA  23870

David G. Hill

593025.1(HS-FP)

5

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105