United States District Court
District of Connecticut

William Connelly                :   Prisoner Case No.
v.                              :   3:00cv720(JCH)
David Cosgrove, et al.          :   October 13, 2004

Plaintiff's Motion for Waiver of Copy Requirement or
Order to Require Prison Officials to Make Copies

The plaintiff William Connelly moves the court to waive the requirement that the plaintiff send seven copies of the Second Amended Complaint to the court or, alternatively, to order prison officials to make the copies free of charge.

The Constitution guarantees prisoners the right of meaningful access to courts. Bounds v. Smith, 430 U.S. 817, 824, 828 (1977). Prison officials may not retaliate against prisoners who exercise that right. Johnson v. Avery, 393 U.S. 483, 485 (1969). The Supreme Court has held that the right of access imposes an affirmative duty on prison officials to help inmates prepare and file legal papers. Bounds, at 828. Regulations that unjustifiably obstruct the right of access to court are invalid. Benjamin v. Fraser, 264 F.3d 175, 184 (2d Cir. 2001). A constitutional violation is likely when failure to provide legal assistance will cause actual injury to the prisoner's litigation. Lewis v. Casey, 578 U.S. 343, 349 (1996).

In the instant case it is highly unlikely, given the facts stated in the attached Declaration, that the plaintiff will be

able to provide seven copies of the ninety page Second Amended Complaint by the deadline of October 14, 2004.

The plaintiff has partially complied with the R/O by completing forms USM-285, AO 398 and AO 399 for each defendant. (The plaintiff has not mailed these forms to the court as it is his understanding the forms should accompany the copies of the Second Amended Complaint dated November 17, 2003.)

Because the plaintiff is in restrictive housing he can access neither pertinent Department of Correction Administrative Directives nor Local Rules for the District of Connecticut, i.e., not by October 14.

To dismiss the case when the plaintiff fails to meet the October 14 deadline would be an injustice to the plaintiff and would waste judicial resources of the court with the ensuing challenges to such dismissal. Given the unusual circumstances, fundamental fairness will be best served by a waiver of the copy requirement or an order directing prison officials to make the copies free of charge.

For the foregoing reasons, this motion should be granted.

Respectfully submitted,

William Connelly, #189009
Macdougall-Walker C.I.
1153 East Street South
Suffield, CT 06080

2