UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| William Connelly, | : | PRISONER |
| *Plaintiff* | : | No. 3:00CV720(JCH) |
| | : | |
| v. | : | |
| | : | |
| VIRGINIA GOLEMBA, MARK | : | |
| STRANGE, JOHN O'NEILL, | : | |
| CHRISTINE WHIDDEN, | : | |
| C.O. SERRANO, and JOHN CUPKA | : | |
| *Defendants* | : | JANUARY 4, 2005 |

THE DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES
TO THE PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the above-named defendants hereby file their Answer and Affirmative Defenses to the plaintiff's Amended Complaint dated November 17, 2003, (hereinafter referred to as the "Complaint"), as follows:

**Preliminary Statement.**

As to the allegations contained in the Preliminary Statement, they are denied.

**Jurisdiction**

1.    As to the allegations contained in paragraph one of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

2. As to the allegations contained in paragraph two of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

3. As to the allegations contained in paragraph three of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

4. As to the allegations contained in paragraph four of the Complaint, the defendants deny that any wrongful acts were committed and deny knowledge or information sufficient to form a belief as to all remaining allegations contained therein.

5. As to the allegations contained in paragraph five of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

6. As to the allegations contained in paragraph six of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

7. As to the allegations contained in paragraph seven of the Complaint, upon information and belief, it is admitted that Defendant Virginia Golemba was a classification specialist employed by MCI during some or all of the dates set forth in the Complaint, but all remaining allegations set forth therein are denied.

8. As to the allegations contained in paragraph eight of the Complaint, they are denied and irrelevant as Timothy Silvis is not a defendant.

9. As to the allegations contained in paragraph nine of the Complaint, they are denied and irrelevant as Patricia Wollenhaupt is not a defendant.

10. As to the allegations contained in paragraph ten of the Complaint, they are denied and irrelevant as John/Jane Doe #7 are not defendants.

11. As to the allegations contained in paragraph eleven of the Complaint, they are denied and irrelevant as John Doe #8 is not a defendant.

12.     As to the allegations contained in paragraph twelve of the Complaint, they are denied and irrelevant as John Doe #9 is not a defendant.

13.     As to the allegations contained in paragraph thirteen of the Complaint, they are denied and irrelevant as John Doe #10 is not a defendant.

14.     As to the allegations contained in paragraph fourteen of the Complaint, they are denied and irrelevant as John Does #11 is not a defendant.

15.     As to the allegations contained in paragraph fifteen of the Complaint, upon information and belief, it is admitted that Defendant Mark Strange was the Warden of MCI during some or all of the dates set forth in the Complaint, but all remaining allegations set forth therein are denied.

16.     As to the allegations contained in paragraph sixteen of the Complaint, upon information and belief, it is admitted that Defendant John O'Neill was a counselor/supervisor at MCI during some or all of the dates set forth in the Complaint, but all remaining allegations set forth therein are denied.

17.     As to the allegations contained in paragraph seventeen of the Complaint, upon information and belief, it is admitted that Defendant Christine Whidden was a correctional officer employed by MCI during some or all of the dates set forth in the Complaint, but all remaining allegations set forth therein are denied.

18.     As to the allegations contained in paragraph eighteen of the Complaint, upon information and belief, it is admitted that Defendant Officer Serrano was a correctional officer employed by MCI during some or all of the dates set forth in the Complaint, but all remaining allegations set forth therein are denied.

19. As to the allegations contained in paragraph nineteen of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

20. As to the allegations contained in paragraph twenty of the Complaint, it is admitted that in the course of their employment as state employees, the defendants acted under color of law, but all remaining allegations set forth therein are denied.

21. As to the allegations contained in paragraph twenty-one of the Complaint, the defendants repeat and incorporate herein the preceding responses for each such defendant's employment status as set forth herein.

22. As to the allegations contained in paragraph twenty-two of the Complaint, they are denied.

## FACTS

23. As to the allegations contained in paragraph twenty-three of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

24. As to the allegations contained in paragraph twenty-four of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

25. As to the allegations contained in paragraph twenty-five of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

26. As to the allegations contained in paragraph twenty-six of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

27. As to the allegations contained in paragraph twenty-seven of the Complaint, they are denied and irrelevant as John Does #1 and #2 are not defendants.

28. As to the allegations contained in paragraph twenty-eight of the Complaint, they are denied and irrelevant as John Doe #3 is not a defendant.

29. As to the allegations contained in paragraph twenty-nine of the Complaint, they are denied and irrelevant as John Doe #4 is not a defendant.

30. As to the allegations contained in paragraph thirty of the Complaint, they are denied and irrelevant as John Doe #5 is not a defendant.

31. As to the allegations contained in paragraph thirty-one of the Complaint, they are denied and irrelevant as John Doe #6 is not a defendant.

32. As to the allegations contained in paragraph thirty-two of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

33. As to the allegations contained in paragraph thirty-three and all of its sub-parts (a) to (g) of the Complaint, they are denied and irrelevant as neither Whiting Forensic Institute nor any of its employees are a defendant.

34. As to the allegations contained in paragraph thirty-four of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

35. As to the allegations contained in paragraph thirty-five of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

36. As to the allegations contained in paragraph thirty-six of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

37. As to the allegation contained in paragraph thirty-seven of the Complaint that the plaintiff was put into segregation for two weeks and housed in the H-2 Disciplinary Housing Unit for about eight weeks on the admissions block and that during this period the plaintiff was trying to obtain appellate counsel, or alternatively, standby counsel; concurrently preparing his appeal, the

defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof. As to all remaining allegations contained in paragraph thirty-seven of the Complaint, they are denied.

38. As to the allegations contained in paragraph thirty-eight of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

39. As to the allegations contained in paragraph thirty-nine of the Complaint, they are denied and irrelevant as Timothy Silvis is not a defendant.

40. As to the allegations contained in paragraph forty of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

41. As to the allegations contained in paragraph forty-one of the Complaint, they are denied, and irrelevant as to Patricia Wollenhaup as she is not a defendant.

42. As to the allegations contained in paragraph forty-two of the Complaint, they are denied and irrelevant as John/Jane Does #7 are not defendants.

43. As to the allegations contained in paragraph forty-three of the Complaint, they are denied and irrelevant as John Doe #8 is not a defendant.

44. As to the allegations contained in paragraph forty-four of the Complaint, they are denied and irrelevant as John Doe #9 is not a defendant.

45. As to the allegations contained in paragraph forty-five of the Complaint, they are denied and irrelevant as John Doe #10 is not a defendant.

46. As to the allegation contained in paragraph forty-six of the Complaint that defendant Mark Strange was the Warden at MCI at the time of the acts alleged, upon information and belief it is admitted that he was at some point in time, but all remaining allegations contained in

paragraph forty-six are denied, and irrelevant as to defendant John Doe #11 as he is not a defendant.

47.  As to the allegation contained in paragraph forty-seven of the Complaint that defendant Christine Whidden was a major at MacDougal, upon information and belief it is admitted, but all remaining allegations contained therein are denied.

48.  As to the allegation contained in paragraph forty-eight of the Complaint that defendant John O'Neill was a counselor supervisor at MacDougall, upon information and belief it is admitted, but all remaining allegations contained therein are denied.

49.  As to the allegation contained in paragraph forty-nine of the Complaint that defendant Serrano was a correctional officer at MacDougal, upon information and belief it is admitted. As to the allegation that he was operating a camera on the day the plaintiff was taken to be eventually transported to Virginia and ordered to remove all clothes in a cold room to be strip searched and filmed by Serrano, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof. All remaining allegations contained in paragraph forty-nine of the Complaint are denied.

50.  As to the allegation contained in paragraph fifty of the Complaint that defendant John Cupka had been the CDOC On-site Monitor at Greenville Correctional Center since the plaintiff arrived on 02/14/01, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof. As to the allegation in subpart (a) of paragraph fifty, that defendant Cupka referred the plaintiff to the mental health unit describing the plaintiff's allegations as delusional, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof. All remaining allegations contained in paragraph fifty and all of its subparts (a) & (b) of the Complaint are denied.

51. Exhaustion of Administrative Remedies: As to the allegations contained in paragraph fifty-one of the Complaint and all of its sub-parts (a) to (g), the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

## Legal Claims

52. Responses to paragraphs 1 – 51 are restated, repeated and incorporated herein as though each were fully set forth herein at length.

53. As to the allegations contained in paragraph fifty-three of the Complaint, they are denied.

54. As to the allegation contained in paragraph fifty-four of the Complaint, that the defendants acted under color of state law, it is admitted.

55. As to the allegations contained in paragraph fifty-five of the Complaint, they are denied.

I. **First Amendment**

56. As to the allegations contained in paragraph fifty-six of the Complaint, they are denied.

II. **Fourth Amendment; Presentence**

57. As to the allegations contained in paragraph fifty-seven of the Complaint, they are denied.

III. **Fourth Amendment; Post conviction**

58. As to the allegations contained in paragraph fifty-eight of the Complaint, they are denied.

IV. **Right to Privacy**

59. As to the allegations contained in paragraph fifty-nine of the Complaint, they are denied.

V. **Access to Court; Fair Trail; Due Process; Fifth; Sixth and Fourteenth Amendments**

60. As to the allegations contained in paragraph sixty of the Complaint, they are denied.

VI. **Equal Protection**

61. As to the allegations contained in paragraph sixty-one of the Complaint, they are denied.

VII.   **42. U.S.C. § 1985(2)**

62.    As to the allegations contained in paragraph sixty-two of the Complaint, they are denied.

VIII.  **42. U.S.C. § 1985(3)**

63.    As to the allegations contained in paragraph sixty-three of the Complaint, they are denied.

IX.    **42. U.S.C. § 1986**

64.    As to the allegations contained in paragraph sixty-four of the Complaint, they are denied.

X.     **Assault**

65.    As to the allegations contained in paragraph sixty-five of the Complaint, they are denied.

XI.    **Defamation**

66.    As to the allegations contained in paragraph sixty-six of the Complaint, they are denied.

## DAMAGES AND RELIEF

67.    As to the allegations contained in paragraph sixty-seven of the Complaint, they are denied.

68.    As to the allegations contained in paragraph sixty-eight of the Complaint, they are denied.

69.    As to the allegations contained in paragraph sixty-nine of the Complaint and each of its subparts (1) to (3), they are denied.

## AFFIRMATIVE DEFENSES

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, the defendants raise the following affirmative defenses to the allegations contained in the plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of the United States Constitution or any federal law.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of the Connecticut State Constitution.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted for a violation of Connecticut State law or tort law.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred by the Statute of Limitations.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred by res judicata.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred by collateral estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is barred due to his failure to fully exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act.

**EIGHTH AFFIRMATIVE DEFENSE**

In so far as plaintiffs' claims assert any violation of state law, at all times relevant to the Complaint, the defendants were state employees whose conduct was within the scope of their duties, and were not wanton, reckless or malicious.  They are therefore immune from liability pursuant to Connecticut General Statutes § 4-165.

**NINTH AFFIRMATIVE DEFENSE**

To the extent the plaintiff may seek the recovery of money damages from the defendants upon the basis of negligence, the defendant state officials are immune from liability pursuant to Connecticut General Statutes Section 4-165 and the doctrine of sovereign immunity.

**TENTH AFFIRMATIVE DEFENSE**

Any award of money damages to the plaintiff as a result of this litigation is subject to seizure by the State of Connecticut pursuant to the lien pending against him for the costs of his incarceration and any other state liens in accordance with the Connecticut General Statutes.

**ELEVENTH AFFIRMATIVE DEFNSE**

At all times relevant to this lawsuit, the defendants, in their individual capacity, acted reasonably and with a good faith belief that they were acting lawfully, and/or the law was not clearly established that they were acting unlawfully.  Therefore, they are entitled to qualified immunity from any judgment of monetary damages.

        DEFENDANTS
        Virginia Golemba, Et Al

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

        __/s/_____
BY:  Robert B. Fiske, III
     Assistant Attorney General
     110 Sherman Street
     Hartford, CT 06105
     Tel.: (860) 808-5450
     Federal Bar No. #ct17831
     e-mail: robert.fiske@po.state.ct.us

## CERTIFICATION

    I hereby certify that a copy of the foregoing was mailed this, the 4th day of January, 2006, by first class postage prepaid, to:

    Inmate John Connelly, #189009
    Enfield Correctional Institution
    289 Shaker Road
    Enfield, CT 06082

        __/s/_____
        Robert B. Fiske, III
        Assistant Attorney General