FILED
2006 APR 10 P 1:52

U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM CONNELLY<br>*Plaintiff* | : CIVIL NO. 3:00CV720(JCH)(HBF)<br>: |
| v. | : |
| DAVID COSGROVE, ET AL<br>*Defendants* | : APRIL 6, 2006 |

## DEFENDANT'S MOTION, *NUNC PRO TUNC*, FOR AN EXTENSION OF TIME TO FILE FOR SUMMARY JUDGMENT

The defendants respectfully move, *nunc pro tunc*, for a thirty day extension of time, from today's date to May 6, 2006, to file for summary judgment. While the defendants recognize that they missed the February 14, 2006 deadline to file for summary judgment, the issues in this case are ripe for summary judgment. The plaintiff's claims lack legal merit and would not likely survive a Rule 50 motion at the close of the plaintiff's evidence at trial. Moreover, in the time it may take the Court to appoint an attorney for the plaintiff and for that attorney to prepare the case for trial, a ruling could be issued on the summary judgment motion. And regardless of the outcome of that motion, it will be of benefit to both the court and appointed counsel because in the unlikely event it is not granted in its entirety, it will streamline and distill the issues for trial, thereby resulting in a shorter and more manageable trial.

A brief review of some of the plaintiff's claims will demonstrate the need and worthiness of a motion for summary judgment. For instance, the plaintiff has claimed that his transfer to Virginia for incarceration was unlawful. However, this is not the law. See *Olim v. Wakinekona*,

461 U.S. 238, 248, 75 L. Ed. 2d 813, 103 S. Ct. 1741 (1983) (inmates have no right to be confined in a particular state or a particular prison within a given state). The transfer of an inmate from one correctional facility to another, without more, does not violate the inmate's constitutional rights, even where conditions in one prison are "more disagreeable" or the prison has "more severe rules." *Meachum v. Fano*, 427 U.S. 215, 225, 49 L. Ed. 2d 451, 96 S. Ct. 2532 (1976). The plaintiff has also claimed that the defendants violated his rights by searching his cell, however this too lacks merit, as there can be no liability for the lawful exercise of the duties of a correctional officer to conduct a cell search. See *Hudson v. Palmer*, 468 U.S. 517 (1984) (no right of privacy or to be free from cell searches). Additionally, the plaintiff does not have a right to a prison job. See *Santiago v. Commissioner of Correction*, 39 Conn. App. 674, 680, 667 A.2d 304, 307 (1995) ("A prisoner has no property or liberty interest in prison employment…."); *Manley v. Bronson*, 657 F. Supp. 832, 840 (D.Conn. 1987) (no right to prison job). Also, his allegation that the defendants depleted the prison library lacks legal merit since a prisoner does not have a legal right to a prison library. See *Lewis v. Casey*, 518 U.S. 343, 350 (1996). In Connecticut, adequate access to court is provided by persons trained in the law. See *Smith v. Armstrong*, 3:93CV1537(JGM), United States District Court for the District of Connecticut, 968 F. Supp. 40; (D. Conn. 1996 ) (Holding that Inmates Legal Assistance to Prisoners meets the Commissioner's obligation to provide access to court).

As the foregoing example demonstrates, there are sound legal grounds for a summary judgment motion. While the defendants understand this Court's reluctance to grant an extension of time given the age of this case, this is not a frivolous motion, and all of the time delay in the

2

progression of this case has been due to actions of the plaintiff by continuously amending his complaint and moving for repeated extensions of time. The undersigned counsel for the defendants is aware of the need to move this case forward and thus is requesting a very short period of time in which to file for summary judgment. If the undersigned were not going to be engaged with trial before the Honorable Janet Arterton over the next two weeks, this Motion would only be seeking two weeks time instead of four. In furtherance of their instant request for an extension of time, the defendants propose that this Court continue with its search and appointment of trial counsel for the plaintiff while the motion for summary judgment is pending, thus ensuring a prompt trial in the unlikely event summary judgment is denied in whole or in part.

WHEREFORE, the defendants respectfully request that their Motion, *nunc pro tunc,* for a thirty day Extension of Time to May 6, 2006, to file for summary judgment, be granted.

          DEFENDANTS
          COSGROVE, ET AL

          RICHARD BLUMENTHAL
          ATTORNEY GENERAL

BY: _____
          Robert B. Fiske, III
          Assistant Attorney General
          Office of the Attorney General
          110 Sherman Street
          Hartford, CT 06105
          Federal Bar #ct17831
          Tel.: (860) 808-5450
          Fax: (860) 808-5591
          E-Mail: robert.fiske@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this, the 7th day of April, 2006, to:

Mr. William Connelly, #189009
Enfield Correctional Institution
289 Shaker Road
Enfield, CT 06082

          _____
          Robert B. Fiske, III
          Assistant Attorney General