United States District Court
District of Connecticut

FILED

William Connelly                 :        No. 3:00CV720(JCH)(HBF)

v.                               :

David Cosgrove, et al.           :        April 17, 2006

Plaintiff's Memorandum in Opposition
to Defendants' Motion for Extension
of Time to File for Summary Judgment

The plaintiff opposes the defendants' motion for
extension of time dated April 6, 2006.

The defendants' deadline to file for summary judgment was
February 14, 2006. Rule 6(b) provides that when an act is
required to be done within a specified time and a motion
for extension of time is made after the expiration of
the specified period to permit the act to be done, the
movant must show that the failure to act was one of
excusable neglect. There is no excusable neglect here.

If the motion is granted the plaintiff will be
prejudiced in that he is not an attorney, law libraries have
been abolished officially in Connecticut penal institutions
and the plaintiff is in a hostile environment where he
will not be able to access discovery materials and other
documents to fashion a response. The complaint has not
been amended since November 17, 2005 and the defendants

have had no impediments to meeting deadlines in the scheduling order. The plaintiff questions whether the motion is made in good faith or is an attempt to avoid complying with discovery requests and a ploy to file a dispositive motion before appointment of a licensed practicing attorney. The plaintiff has decided not to file a pro se amended complaint as discussed in the teleconference of April 5, 2006.

A motion for summary judgment will be unnecessary, a waste of time and judicial resources. Summary judgment is to be granted only if the record before the court shows there is no genuine issue of any material fact. Rule 56(c), Federal Rules of Civil Procedure. A material fact is one that might affect the outcome of a suit under governing law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). Most of the material facts are in dispute inasmuch as the defendants in their Answer denied committing the wrongful acts alleged by the plaintiff. The Ruling and Order of September 24, 2004 streamlined and simplified the issues despite the pro se plaintiff's amateurish pleading; therefore the case is ready for discovery and trial.

Rule 9(b) of the Local Rules provides that a motion for extension of time shall include a statement by the movant that he has inquired of opposing counsel whether there is agreement or objection to the motion. The pro se plaintiff

is confined in a Level Three facility and prison officials are able to locate him at any time. The movant did not inquire per Rule 9(b).

Any mention of a Rule 50 motion at this stage is premature. A Rule 50 motion may be made at the close of evidence offered by the plaintiff.

The defendants correctly note that a prisoner has no general right to be confined in a particular state or a particular prison in a given state. The plaintiff responds that an exception to that general rule occurs when a transfer is retaliatory, in this case spurred by the defendants' hostility to the plaintiff's political opinions and/or litigation. In Davis v. Kelly, 160 F.3d 917, 920 (2d Cir. 1998), the circuit court held that a district court dismissal of a § 1983 claim for an allegedly retaliatory transfer was premature. Plaintiff Connelly alleges the transfer was retaliatory, a function of a political vendetta conspiracy and coverup thereof. See Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995); Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986). Additionally, the plaintiff alleges defendant Cupka was responsible for the confiscation of approximately 85% of the plaintiff's legal materials upon the plaintiff's arrival in Virginia. A claim is stated when a prisoner alleges that state prison officials confiscated

3

legal materials. Morello v. James, 810 F.2d 344, 347 (2d Cir. 1987); Steinberg v. Taylor, 500 F. Supp. 477, 480 (D. Conn. 1980). The political vendetta/conspiracy and the litigation are interrelated: there would have been no litigation if not for the political vendetta/conspiracy.

The defendants correctly note that law libraries have been officially abolished in Connecticut DOC facilities as a consequence of Lewis v. Casey and its progeny. To the extent that the "incremental diminution of the legal resources" was allowable under Lewis v. Casey the policies of defendant O'Neill and defendant Strange are not actionable, being pleaded by the pro se plaintiff as background or context; and court-appointed counsel can easily dispose of them in a pretrial conference. To the extent that defendant O'Neill and defendant Strange, O'Neill's superior, intentionally hindered the plaintiff's access to court and/or retaliated in response to the plaintiff's expression of political opinions and litigating, the acts of defendants O'Neill and Strange are violative of the plaintiff's rights under the First and Sixth Amendments. Lewis v. Casey and its progeny did not authorize DOC to intentionally hinder the plaintiff's access to court by, inter alia, intercepting incoming and outgoing mail, pilfering key documents from the plaintiff's files, and confiscating legal materials sent with the plaintiff to Virginia. A prisoner's right of access to court may not

4

be denied or obstructed. Johnson v. Avery, 393 U.S. 483, 485 (1969). In the absence of a legitimate administrative concern a prisoner may not be hindered from gaining access to the judicial process. Wolff v. McDonnell, 418 U.S. 539, 578-80 (1974). A prisoner may state a claim for denial of access to courts by alleging misconduct by prison officials. Crawford-El v. Britton, 523 U.S. 574, 584 (1998). Prison officials cannot intentionally take away a prisoner's legal research or legal documents. Steinberg, supra.

The general rule is that a prisoner has no property or liberty interest in a prison job, but prison officials may not retaliate against a prisoner for exercising his First Amendment rights; Crawford-El, supra; a prison official may not deprive a prisoner of access to programs because the prisoner has filed grievances and/or lawsuits; see Colon, supra.

The plaintiff concedes prison officials may search cells at random, but a prisoner's Fourth and Sixth Amendment rights may be violated if the purpose of the search is not to further institutional security. United States v. Cohen, 796 F.2d 20, 22-24 (2d Cir. 1986). Plaintiff Connelly alleges some legal documents relevant to litigation against DOC were taken when his cell was searched in his absence.

In an action complaining of First Amendment violations, harassment and conspiracy, the Second Circuit has ruled that summary judgment must be used

5

selectively to avoid trial by affidavit. <u>Donahue v. Windsor Locks Bd. of Fire Comrs.</u>, 834 F. 2d 54, 58 (2d Cir. 1987).

For the foregoing reasons, the defendants' motion for extension of time to file for summary judgment should be denied.

Respectfully submitted,

William Connelly
#189009
Enfield Correctional Institution
289 Shaker Road
Enfield, CT 06082


<u>Certification</u>

This is to certify that a copy of this memorandum was mailed postage prepaid to Robert B. Fiske III, Assistant Attorney General, 110 Sherman Street, Hartford, CT 06105; tel: (860) 808-5450; on April 17, 2006.

William Connelly

6