UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM CONNELLY             :
                             :
v.                           :    CIV. NO. 3:00CV720 (JCH)
                             :
DAVID COSGROVE, ET AL        :
                             :
                             :

ORDER OF NOTICE TO PRO SE LITIGANT

On May 12, 2006, defendants filed a motion for summary judgment. **[Doc. #84]**. Defendants move for summary judgment as to all of the claims in the complaint.

During a telephone conference on April 5, 2006, plaintiff sought appointment of pro bono counsel to represent him. Despite considerable efforts, the Court has been unable to find counsel for this case. Unfortunately, there are not enough attorneys willing to accept pro bono appointments for the numerous cases needing counsel. After a decision on the motion for summary judgment, plaintiff may renew his request by filing a motion for appointment of counsel. The Court notes that in Cooper v. Sargenti, 877 F.2d 170, 173-74 (2d Cir. 1989), the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit."[1]

---

[1] The Second Circuit stressed the importance of district court's serious consideration of likely substantiality of an indigent's claims in light of the overwhelming demand for appointment of counsel and the existence of such resources in only limited quantity. "Every assignment of a volunteer lawyer

1

Accordingly, plaintiff must file a response to defendant's motion for summary judgment. On May 23, 2006, Judge Hall granted plaintiff's motion for an extension of time to file his response to summary judgment to **Monday, July 3, 2006**.

### Notice to Pro Se Litigant Opposing Motion For Summary Judgment As Required by Local Rule of Civil Procedure 56(b)

The purpose of this notice, which is required by the Court, is to notify you that the defendant has filed a motion for summary judgment asking the Court to dismiss all or some of your claims without a trial. The defendant argues that there is no need for a trial with regard to these claims because no reasonable jury could return a verdict in your favor.
THE DEFENDANT'S MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE PAPERS AS REQUIRED BY RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 56 OF THE LOCAL RULES OF CIVIL PROCEDURE AND IF THE DEFENDANT'S MOTION SHOWS THAT THE DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW. COPIES OF THESE RULES ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.
The papers you file must show that (1) you disagree with the defendant's version of the facts; (2) you have evidence contradicting the defendant's version; and (3) the evidence you

---

to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper, 877 F.2d at 172.

rely on, if believed by a jury, would be sufficient to support a verdict in your favor.

To make this showing, you must file one or more affidavits disputing the defendant's version of the facts. An affidavit is a sworn statement by a witness that the facts contained in the affidavit are true to the best of the witness's knowledge and belief. To be considered by the Court, an affidavit must be signed and sworn to in the presence of a notary public or other person authorized to administer oaths. In addition to affidavits, you may also file deposition transcripts, responses to discovery requests, and other evidence that supports your claims. Please be aware that the Local Rule requires counsel and pro se parties to cite to specific paragraphs when citing affidavits or responses to discovery requests and to cite to specific pages when citing to deposition or other transcripts or to documents longer than a single page in length. If you fail to comply and submit evidence contradicting the defendant's version of the facts, your claims may be dismissed if the defendant's motion shows that the defendant is entitled to judgment as a matter of law.

It is therefore very important that you read the defendant's motion, memorandum of law, affidavits, and other evidentiary materials to see if you agree or disagree with the defendant's version of the relevant facts. It is also very important that you review the enclosed copy of Rule 56 of the Local Rules of Civil Procedure carefully. This rule provides detailed instructions concerning the papers you must file in opposition to the

defendant's motion, including how you must respond to specific facts the defendant claims are undisputed (see Rule 56(a)(2)) and how you must support your claims with specific references to evidence (see Rule 56(a)(3)). If you fail to follow these instructions, the defendant's motion may be granted if the defendant's motion shows that the defendant is entitled to judgment as a matter of law.

You must file your opposition papers with the Clerk of the Court and mail a copy to the defendant's counsel on or before **Monday, July 3, 2006.**

The parties are encouraged to contact the Court as issues arise in complying with this ruling and order. Any requests for extension of the Court's deadlines must be made **in advance of the deadline** and must be made directly to Judge Hall.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 31st day of May 2006.

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

Westlaw.

CT R USDCT L.Civ.R. 56

D.Conn., L.Civ.R. 56

Page 1

WEST'S CONNECTICUT RULES OF COURT
RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT
LOCAL RULES OF CIVIL PROCEDURE

Copr. © 2005 Thomson/West.

Current with amendments received through 10/1/2005.

RULE 56. SUMMARY JUDGMENT

**(a) Motions for Summary Judgment**

1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 56(a)1 Statement," which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.

2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 and corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

3. Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e). The "specific citation" obligation of this Local Rule requires counsel and pro se parties to cite to specific paragraphs when citing affidavits or responses to discovery requests, and to cite to specific pages when citing to deposition or other transcripts or to documents longer than a single page in length. Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming certain facts that are supported by the evidence admitted in accordance with Rule 56(a)1 or in the Court imposing sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion if the undisputed facts show that the movant is entitled to judgment as a matter of law.

4. The Local Rule 56(a)1 and 2 Statements referred to above shall be filed and served along with the motion, memorandum of law and certificate of service required by Local Rule 7 and the Federal Rule of Civil Procedure 56.

**(b) Notice to Pro Se Litigants Regarding Summary Judgment.** Any represented party moving for summary judgment against a party proceeding pro se shall file and serve, as a separate document, in the form set forth below, a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment." If the pro se party is not a plaintiff, or if

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

CT R USDCT L.Civ.R. 56

Page 2

D.Conn., L.Civ.R. 56

the case is to be tried to the Court rather than to a jury, the movant will modify the notice accordingly. The movant shall attach to the notice copies of the full text of Rule 56 of the Federal Rules of Civil Procedure and of this Local Civil Rule 56.

[Effective January 1, 2003; amended effective August 1, 2003; May 1, 2005.]

----------

### Notice to Pro Se Litigant Opposing Motion For Summary Judgment As Required by Local Rule of Civil Procedure 56(b)

The purpose of this notice, which is required by the Court, is to notify you that the defendant has filed a motion for summary judgment asking the Court to dismiss all or some of your claims without a trial. The defendant argues that there is no need for a trial with regard to these claims because no reasonable jury could return a verdict in your favor.

THE DEFENDANT'S MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE PAPERS AS REQUIRED BY RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 56 OF THE LOCAL RULES OF CIVIL PROCEDURE AND IF THE DEFENDANT'S MOTION SHOWS THAT THE DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW. COPIES OF THESE RULES ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.

The papers you file must show that (1) you disagree with the defendant's version of the facts; (2) you have evidence contradicting the defendant's version; and (3) the evidence you rely on, if believed by a jury, would be sufficient to support a verdict in your favor.

To make this showing, you must file one or more affidavits disputing the defendant's version of the facts. An affidavit is a sworn statement by a witness that the facts contained in the affidavit are true to the best of the witness's knowledge and belief. To be considered by the Court, an affidavit must be signed and sworn to in the presence of a notary public or other person authorized to administer oaths. In addition to affidavits, you may also file deposition transcripts, responses to discovery requests, and other evidence that supports your claims. Please be aware that the Local Rule requires counsel and pro se parties to cite to specific paragraphs when citing affidavits or responses to discovery requests and to cite to specific pages when citing to deposition or other transcripts or to documents longer than a single page in length. If you fail to comply and submit evidence contradicting the defendant's version of the facts, your claims may be dismissed if the defendant's motion shows that the defendant is entitled to judgment as a matter of law.

It is therefore very important that you read the defendant's motion, memorandum of law, affidavits, and other evidentiary materials to see if you agree or disagree with the defendant's version of the relevant facts. It is also very important that you review the enclosed copy of Rule 56 of the Local Rules of Civil Procedure carefully. This rule provides detailed instructions concerning the papers you must file in opposition to the defendant's motion, including how you must respond to specific facts the defendant claims are undisputed (see Rule 56(a)(2)) and how you must support your claims with specific references to evidence (see Rule 56(a)(3)). If you fail to follow these instructions, the defendant's motion may be granted if the defendant's motion shows that the defendant is entitled to judgment as a matter of law.

You must file your opposition papers with the Clerk of the Court and mail a copy to the defendant's counsel within 21 days of the filing of the defendant's motion with the Clerk of the Court. This 21-day period is extended an additional three days if any of the conditions of Rule 6(e) of the Federal Rules of Civil Procedure are met (for example, if you received the defendant's motion by mail or overnight delivery service).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

CT R USDCT L.Civ.R. 56

D.Conn., L.Civ.R. 56

U. S. Dist. Ct. Rules D.Conn., L.Civ.R. 56

CT R USDCT L.Civ.R. 56

END OF DOCUMENT

Page 3

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.