United States District Court
District of Connecticut

William Connelly  : No. 3:00CV720(JCH)(HBF)
v.  :
David Cosgrove, et al.  : August 24, 2006

<u>Plaintiff's Motion for Appointment of Counsel</u>

Plaintiff William Connelly, pursuant to 28 U.S.C. § 1915(e)(1)(2000), requests this court to appoint counsel in the above-captioned case for the following reasons:

1. The plaintiff is unable to afford counsel.
2. The plaintiff has unsuccessfully attempted to secure counsel.
3. Prison officials have repeatedly intercepted outgoing legal documents pertinent to this case.
4. The plaintiff cannot show the merits of the case and the likelihood of prevailing when documents such as his Supplemental Complaint and Rule 56(a)2 Statement plus attachments do not reach the court.
5. Confer the attached declaration pursuant to 28 U.S.C. § 1746, memorandum of law and postage receipts.
6. For the foregoing reasons, this motion should be granted.

Aug 24, 2006

William Connelly

<u>Declaration in Support of Plaintiff's Motion for Appointment of Counsel</u>

William Connelly declares under penalty of perjury:

1. I am the plaintiff in this case.

2. I have been continuously confined since November 10, 1989 and I am currently confined at Enfield Correctional Institution in Enfield, Connecticut.

3(a). On July 3, 2006 I mailed to the court and the attorney general a motion for leave to file a supplemental complaint, a supplemental complaint and a memorandum of law. The motion, complaint and memorandum of law were sent in separate 39 cent envelopes. (It appears the motion and memorandum reached the court; the complaint did not.

3(b). On July 20, 2006 I received a notice from the court denying the motion for leave because of a procedural defect.

3(c). On July 24, 2006 I requested clarification of the ruling denying the motion for leave.

3(d). On July 27, 2006, acting preemptively because I suspected prison officials had intercepted the supplemental complaint mailed and dated July 3, 2006, I tendered to prison counselor Sheryl Lessard two sets of the motion for leave, the supplemental complaint and a revised memorandum. Each set was sealed in a large manila envelope. One set was addressed to Hon. Holly B. Fitzsimmons and the other to AAG Robert B. Fiske. The postage receipts are enclosed herein.

3(e). Meanwhile, I have tried several piecemeal mailings of the supplemental complaint, attaching a 10/20/03 memorandum from Major Lynn Milling, such memorandum succinctly describing the legal stance of the commissioner of correction and attorney general regarding my ex post facto claim.

4. On July 10, 2006 I tendered to prison counselor Sheryl Lessard two sets of a Rule 56(a)2 Statement, List of Disputed Issues, Appendix inclusive plaintiff's affidavit and memorandum of law in opposition to summary judgment. One set was addressed to Hon. Holly B. Fitzsimmons and one set to AAG Robert B. Fiske. The postage receipts are attached.

5. On August 10, 2006 I obtained docket sheets dated August 8, 2006, 9:57 a.m., indicating neither (1) the motion for leave / supplemental complaint / memorandum of law package nor

3

(2) the 56(a)2 Statement/Disputed Issues/Appendix/Memoranda package had reached the court.

6(a). On August 1, 2006 I was tendered a notice from the court stating that I had to participate in a teleconference with Judge Fitzsimmons and AAG Fiske on August 3 at 10:30 a.m.

6(b). On August 3, 2006 I appeared at Counselor Lessard's office at approximately 10:30 a.m. and was told to wait outside. Fifteen to twenty-five minutes later Ms. Lessard called me into her office where she dialed a number and appeared to speak with Mr. Fiske. After hanging up Ms. Lessard told me that Mr. Fiske stated the teleconference had been cancelled and would be rescheduled at a later date. Ms. Lessard added that Mr. Fiske also mentioned summary judgment and extension of time.

7. On August 17, 2006 I received a letter from Deputy Clerk Mary E. Larsen notifying me that the court has not received my 7/10/06 Rule 56(a)2 Statement, List of Disputed Issues and Appendix with plaintiff's affidavit.

8. I have mailed several letters to attorneys asking for representation, to no avail.

9. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.
August 24, 2006

_____

<u>Memorandum of Law in Support of Motion for Appointment of Counsel</u>

Pursuant to 28 U.S.C. § 1915(e)(1)(2000), the district court has the discretion to provide counsel to the plaintiff inasmuch as the plaintiff has established a prima facie case and is indigent.

Before a court may exercise its discretion to appoint counsel, the court must find the plaintiff's claim is colorable. See § 1915(e)(1)(2000). Appointment of counsel may be appropriate where the complaint alleges the necessary elements. <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 501 (3d Cir. 2002). For example, where an inmate plaintiff's § 1983 claim that he was transferred in violation of the Interstate Corrections Compact survived a motion to dismiss, appointment of counsel may be appropriate. In the instant case, plaintiff Connelly has survived a sua sponte motion to dismiss.

In the Order of Notice to Pro Se Litigant filed 06/02/06 by Judge Fitzsimmons, the latter ruled that the plaintiff may renew his request for appointment of counsel after a decision on the defendants' motion for summary judgment. The Court cited <u>Cooper v. Sargenti</u>, 877 F.2d 170, 173-74 (2d Cir. 1989), where the Second Circuit stressed the importance of requiring an indigent to "pass

5

the test of likely merit." The attached postage vouchers, however, constitute compelling proof that the plaintiff's Rule 56(a)2 Statement/List of Disputed Issues/Appendix/Memorandum package was intercepted before reaching the district court. The plaintiff's Supplemental Complaint also appears to have been intercepted as evidenced by the postage vouchers. Where the indigent plaintiff had no means to show the merits of the claim, counsel was appointed. Cooper, supra, 173.

Plaintiff Connelly is being prevented from responding to the motion for summary judgement. This case is littered with instances of mail violations and other acts by prison officials which hinder the plaintiff's access to court. Only by appointment of counsel can the plaintiff's filings be assured of reaching the court. Furthermore, it is unlikely the plaintiff's evidence will get over the prison fence unless an attorney or his/her designee comes to the prison to secure the evidence; and the plaintiff has no guarantee that the documents which reach the court have not been altered, depleted, sanitized, etc.

In the interest of justice, counsel should be appointed.

Aug 24, 2006

William Connelly, #189009
Enfield Correctional Institution
289 Shaker Road
Enfield, CT 06082

Certification

This is to certify that a copy of this motion for appointment of counsel/declaration in support/memorandum of law was mailed to Robert B. Fiske III, Assistant Attorney General, 110 Sherman Street, Hartford, CT 06105; tel: (860) 808-5450; on August 24, 2006.

Wm C
William Connelly
#187009
Enfield Correctional Institution
289 Shaker Road
Enfield, CT 06082

Encl:
Postage vouchers

**SRF**

**Special Request Form**
**Connecticut Department of Correction**

| Inmate No. 189009 | Date July 10, 2006 |

Inmate Name: William Connelly

**Payee Information**

Name: DOC
Street:
City:
State, Zip Code:

Reason: Postage: 56(9)2 to USDC JCH, 3:00cv720(JCH)(HBF)

Amount $ 3.25

Inmate Signature
(in presence of counselor): [signature]

APPROVAL STAMP: COMPLETE

Original: I/M Acct
Yellow: Counselor
Pink: Inmate

| | |
|---|---|
| **Special Request Form** SRF 679B | |
| Connecticut Department of Correction | |

Inmate No. 189007   Date July 10, 2006

Inmate Name William Connelly

**Payee Information**

Name: DOC
Street:
City:
State; Zip Code:

Reason: Postage: 5(a)2 to AGRBF at 110 Sherman.
3. cou ncil (A)(EF)

Amount $ 5.25

Inmate Signature
(in presence of counselor) [signature]

APPROVAL STAMP:

Original: [illegible] **COMPLETE**
Yellow: Counselor
Pink: Inmate

| | SRF |
|---|---|
| **Special Request Form** | |
| **Connecticut Department of Correction** Enfield | |

| Inmate No. 189009 | Date July 27, 2006 |
|---|---|

Inmate Name William Connelly

**Payee Information**

Name: DOC
Street:
City:
State, Zip Code:

Reason: Postage: Motion/Sup Com/Memo to USDCHBF

Amount $ 1.38

Inmate Signature
(in presence of counselor) [signature]

[redacted black block]

APPROVAL STAMP:

☑ completed

Original: I/M Accts.
Yellow: Counselor
Pink: Inmate

E 79B                                    SRF
                            Special Request Form
                      Connecticut Department of Correction

| Inmate No. 189009 | Date Aug 1, 2006 |

Inmate Name: William Connelly

**Payee Information**

Name: DOC
Street:
City:
State, Zip Code:

Reason: Postage Mot. ent for Con + Memo to RBF
3. 00cv720(JCH)(HBF)
Amount $: 1.38

Inmate Signature
(in presence of counselor)

APPROVAL STAMP:

Original: I/M Accts.
Yellow: Counselor
Pink: Inmate

 completed