United States District Court
District of Connecticut

William Connelly           :    No. 3:00CV720(JCH)(HBF)
v.                                   :
David Cosgrove,
Theresa Lantz, et al.      :    July 3, 2006

### Memorandum of Law in Support of Motion for Leave to File Supplemental Complaint

A state prisoner may bring a section 1983 action for declaratory and injunctive relief challenging the constitutionality of state early release procedures. Wilkinson v. Dotson, No. 03-287, 2005 WL 516415, pp. 3-10 (U.S. Mar. 7, 2005). Prisoners need not seek help only under federal habeas corpus statutes. Id. In denying Dotson's claim of parole eligibility, the parole officer used parole guidelines adopted after Dotson committed the crime. Dotson claimed that the retroactive application of new, harsher guidelines to his preguidelines case violates the Ex Post Facto and Due Process Clauses. He sought a federal court declaration to that effect as well as a permanent injunction ordering prison officials to grant him an immediate hearing in accordance with the statutory laws and

administrative rules in place when he committed his crime. Id. at 5.

A state prisoner's section 1983 action is barred if success in that action would <u>necessarily</u> demonstrate the invalidity of the confinement or its duration. Id. at 7.

Dotson's claim was cognizable under section 1983 because he is not seeking an injunction that will order him immediately released out, rather, will speed <u>consideration</u> of a new early release application. Id. at 8. Furthermore, prisoners may bring their claims without fully exhausting state court remedies so long as their suits would not <u>necessarily</u> invalidate state imposed confinement. Id. at 10. Similarly, plaintiff Connelly seeks declaratory and injunctive relief to speed consideration of his early release application under the statutes, rules, regulations, guidelines, directives and policies in effect on the date of the crime.

Since the filing of the complaint the plaintiff has been moved from Macdougall to Greensville to Macdougall-Walker to Robinson to Enfield prison. Theresa Lantz has replaced John Armstrong as Commissioner. The plaintiff initially applied to defendants O'Neil, Washam and Colombo regarding the early release expected to matter.

2

The plaintiff subsequently applied to the Governor who referred the application to the Commissioner who referred the application to Major Lynn Milling of the Interstate Compact Office. The plaintiff has been stymied by ongoing state-erected obstacles. This supplemental complaint relates back to paragraphs 13, 19 and 22 of the original complaint dated April 14, 2000, as well as to many of the hindrances to access to court alleged throughout the complaint.

A supplemental complaint deals with events that have occurred since the original complaint was filed. These events must have some relationship to the claims in the original complaint. City of Hawthorne v. Wright, 493 U.S. 813, 815 (1989). A supplemental complaint can add new parties. Griffin v. County School Board of Prince Edward County, 377 U.S. 218, 227 (1964). Permission to file a supplemental complaint should be granted freely and should be denied only where the complaint is filed in bad faith or with an intent to delay. Novak v. National Broadcasting Co., Inc., 724 F. Supp. 141, 145 (S.D.N.Y. 1989).

3

The ex post facto early release claim was originally raised as one of the claims in a state petition for a writ of habeas corpus, Connelly v. Warden, docket number CV-97-0567686, in Hartford Superior Court. On January 10, 2000 the habeas court ruled in favor of the petitioner (plaintiff herein), but did not expound upon the ex post facto claim. The habeas court's memorandum of decision acknowledged the plaintiff's claim that he is entitled to eligibility for "early release as provided by the statutes, rules, regulations, directives and policies in effect on the date of the commission of the crimes, November 10, 1989." The respondent appealed the holding regarding credit for time served at Whiting Forensic Institute, 258 Conn. 394, but did not appeal the ex post facto early release claim. The plaintiff applied for consideration for early release under the statute in effect on the date of the crime, Connecticut General Statutes section 18-100(e)(1989), but defendant Golemba stated the plaintiff is not eligible under the "General Statutes." The plaintiff had attached a copy of the habeas court's memorandum of decision to the application. The plaintiff subsequently applied for early release to the Governor who delegated to the Commissioner of

4

Correction who delegated to Major Lynn Milling of the Interstate Compact Office. Major Milling determined the plaintiff is not eligible for early release consideration under section 18-100; rather the plaintiff is eligible under section 54-125a, the 50% parole statute. Again, the plaintiff reminds the court that Public Act 90-261, codified as section 54-125a, took effect October 1, 1990, approximately eleven months after the crime.

Injunctive relief must be narrowly tailored to extend no further than the particular plaintiff. 18 U.S.C. § 3626(a)(1). A suit against a state official in his or her official capacity may be brought for injunctive relief. The critical issue in a suit against a state official is whether prospective or retroactive relief is sought; only prospective relief can be obtained under § 1983. Green v. Mansour, 474 U.S. 64, 68 (1985). Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. Id. Because suits seeking prospective relief are not treated as suits against the state, a plaintiff may seek such relief under section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n. 10 (1989). In the case

5

sub judice, plaintiff Connelly is suing defendant Lantz in her official capacity, asking for prospective injunctive relief designed to end a continuing violation of the Ex Post Facto Clause. It has been approximately nine years since the habeas claim was filed, approximately six years since the habeas trial court's decision, yet the plaintiff's federal constitutional right to be considered for early release under the law in effect on the date of the crime has not been acknowledged by any Commissioner of Correction. The plaintiff asks the court to order defendant Lantz to affirm the plaintiff's eligibility for early release under Connecticut General Statutes section 18-100(e) (1989) and the rules, regulations, policies, guidelines and directives in effect on November 10, 1989. Furthermore, the plaintiff asks the court to enjoin defendant Lantz from setting preconditions in the form of programs, classification criteria, guidelines and/or any other impediment to release adopted after the plaintiff committed the crime. Cf. <u>Wilkinson v. Dotson</u>, supra.

For the foregoing reasons, this motion for leave to file a supplemental complaint should be granted.

Respectfully submitted,

William Connolly
#189009
Enfield Correctional Institution
289 Shaker Road
Enfield, CT 06082

### Certification

This is to certify that a copy of this memorandum of law was remailed postage prepaid to Robert B. Fiske III, Assistant Attorney General, 110 Sherman Street, Hartford, CT 06105; tel: (860) 808-5450; on July 27, 2006.

William Connolly

Note:
This memorandum of law was mailed in its present form on July 27, 2006. A more abbreviated version had been mailed on July 3, 2006.

7



# STATE OF CONNECTICUT
### DEPARTMENT OF CORRECTION
### OFFENDER CLASSIFICATION & POPULATION MANAGEMENT
### 1153 EAST STREET SOUTH
### SUFFIELD, CONNECTICUT 06080

October 20, 2003

William Connelly
CT# 189009
VA# 290678
Greensville Correctional Center
901 Corrections Way
Jarratt, Virginia 23870

Dear Mr. Connelly:

I am responding to a letter that you sent the Governor's Office, with specific reference to your statements regarding early release eligibility.

You are not currently eligible for early release pursuant to section 18-100. Inmates serving a sentence greater than 2 years may be considered for community release to a residential program provided they meet the criteria. One criterion is that the inmate must be within 18 months of their estimated discharge date or voted to parole date.

When parole was in existence in the 1980's, it was for indeterminate sentences, where an inmate was eligible to be heard by the Board of Parole once they satisfied their minimum term. When you were sentenced on March 3, 1995, you were sentenced to a definite sentence.

C.G.S. § 54-125a states in part "a person convicted of one or more crimes who is incarcerated on or after October 1, 1990, who received a definite sentence or an aggregate sentence of more than two years and who has been confined under such sentence or sentences for not less than one-half of the aggregate sentence or one-half of the more recent sentence imposed by the court, whichever is greater, may be allowed to go at large on parole."

Since you were sentenced to a definite term of 40 years you will be eligible for parole after serving 20 years. Your parole eligibility date is November 13, 2009.

Sincerely,

Lynn Milling
Major, Interstate Compact

Cc: Deputy Warden Burgess, GRCC
    Lt. Cupka, CTDOC On-Site Monitor

A



# State of Connecticut
# Department of Correction
## Classification Review Sheet

**Name:** CONNELLY, WILLIAM  **Number** 189009  **Date Of Birth** 05/06/1943  **Age:** 63
**Date Of Review:** 8/17/06  **Facility:** Enfield C.I.  **Housing** E-BLDG-79
**Offense:** KIDNAPPING, SECOND DEGREE  BF   **YR** 40  **MO:** 0  **DY:** 0

### Hearing Type
- [ ] Initial Review
- [x] Regular Review
- [ ] Community Release
- [ ] Level Reduction
- [ ] Parole Hearing
- [ ] New Information
- [ ] Disciplinary Review
- [ ] Job Classification

### Risk Scores
| | | | | | |
|---|---|---|---|---|---|
| Escape | 1 | Sev/Viol Offense | 3 | Violence History | 1 |
| Length Of Confinement | 4 | Bond/Detainers | 1 | Discipline | 1 |
| Security Risk Group | 1 | | | Overall | 3 |

### Need Scores/Subcodes
| | | | | | |
|---|---|---|---|---|---|
| Medical | 1 | Alcohol/Drug | 2 | Sexual Treatment | 1 |
| Mental Health | 2 | Vocational | 2 | Residence | 1 |
| Education | 1 | | | | |

### Institutional Assignment
Program Assignment:
School Assignment:                                     Date:
Job Assignment:                                        Date:
Outside Clearence:                                     Date:
Other:                                                 Date:
                                                       Date:

### Eligibility Dates
**Next Classification Review:** 8/17/07  **Release Date:** 2/11/18 - EST  **Level Reduction:** 10/11/0
**Transitional Supervision:** Not Elig.  **Community Release:** 18 mos f/d Bhg.  **Parole Eligibility:** 11/13/0
**Other:**   - or VTP

### Comments
Reg rev, no changes, OAP initiated

---

This signature indicates that I acknowledge that changes have been made to my classification scores and does not imply consent. I also understa that I may appeal in writing to the administrator or designee within 15 days of the decision.

**Inmate Signature:** X refused to sign  **Date:**
**Staff Witness and Title:** Sheryl Lessard  **Date:** 8/24/06

- [x] Inmate Refused To Sign
- [ ] Inmate Waived

Cc: Inmate Master File

OCPM - REV 10/02

# Orientation and Offender Accountability Plan
## Connecticut Department of Correction

CN
REV 4/

Inmate name: Connelly, William
Inmate number: 189009
Date of birth: 05/06/43
Sentence date: 03/03/95
Max EOS date:
Offense(s): Kidnapping 2nd

Upon sentenced admission to the Department of Correction and periodically thereafter, assessment, orientation classification meetings shall be conducted to determine the programs and services that you should participate in during term of incarceration. You shall participate in a Risk and Needs Assessment (Objective Classification System) whi conducted by your Classification Counselor. Adjustment to the requirements of institutional living, conduct and behav relation to other inmates and staff, and achievements in recommended programming shall be taken into consideration. T risks and needs assessments shall be used to initiate and monitor your Offender Accountability Plan. This plan ma modified at any time throughout your incarceration or period of community supervision.

The Department of Correction shall use this plan to schedule your programs and services. Failure to comply with t recommendations, or conduct which results in discipline or increases in risk level, shall negatively impact your chanc Department of Correction community release and/or parole.

If you have a parole eligible sentence, the Board of Pardons and Paroles shall meet with you to review your accountability At this meeting, parole staff shall define what they expect you to do and shall explain on what basis the Board of Pardons Paroles shall make future release decisions.

Please note that all Offender Accountability Plans have a re-entry component that shall address issues prior to releas community programs such as Halfway Houses, Transitional Supervision and Parole. If you anticipate being released to end of sentence date, you are encouraged to contact appropriate department staff with questions and concerns for guid on how to access the services that you may need in the community.

Your conduct and participation in recommended programs is the key to your success. The Offender Accountability Plan tool for you to prepare for your eventual release. It is your responsibility to review the plan with your counselor, who shall a you. **Your program participation and compliance with facility requirements of acceptable conduct shall be monit throughout the course of your incarceration.** All of the programs that are recommended can help you during incarceration and after your release.

*Information regarding program participation shall be maintained in your master file.*

[X] Original OAP upon sentence     [ ] Revised program recommendation upon classification review

The following are your specific program recommendations.
Initial program recommendations:

1. Anger Mgmt. (26)
2. People Empowering People (01)
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.

I have reviewed the above recommendations and understand that I am expected to enroll in and complete the above progra

Inmate signature: refused to sign
Date: 8/24/06
Staff signature: J. Lessard
Date: 8/24/06

cc: Inmate master file – section 6

C

# APPENDIX

A  Letter from Major Lynn Milling of the Interstate Compact Office to plaintiff, applying §54-125a, effective October 1, 1990, to calculate plaintiff's early release date; denying application pursuant to section 18-100.

B  August 23, 2006 Classification Review Sheet, by Counselor Sheryl Lessard, denying plaintiff is currently eligible for community release; setting 11/13/09 as earliest release date.

C  Orientation and Offender Accountability Plan, dated 8/24/06, by Counselor Sheryl Lessard, setting as an impediment to release the OAP standards not in effect on the date of the crime.