United States District Court
District of Connecticut

FILED
2006 OCT -5 P 4: 27

William Connelly  :  No. 3:00CV720(JCH)(HBF)
v.                :
David Cosgrove, et al.  :  July 10, 2006

Local Rule 56(a)2 Statement

Pursuant to Rule 56(a)2 the plaintiff submits this statement of facts as to which he contends there are several genuine issues of material fact in dispute.

Paragraph 1. Admit

2. Admit.

3. Admit

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. The plaintiff disputes defendant O'Neill's denial that O'Neill did not review any of the plaintiff's privileged correspondence and/or did not direct defendant Whidden or any subordinate to do so. Exh A, pages A-1 through A-7; plaintiff's affidavit, paragraph 9. O'Neill failed to respond to interrogatories, including paragraphs 2, 3, 4 and 5 which are germane to this issue. O'Neill failed to produce documents as requested by paragraphs 1, 2, 3 and 4 of the request for production of documents. O'Neill responses to the request for admissions show there are disputes as to material facts regarding this matter. See O'Neill's answers to paragraphs 4, 5, 7(a), 7(i) and 7(j).

9. The plaintiff disputes the defendants' denials that they were unaware of any politically motivated vendetta against the plaintiff. Exh B, page B-1; Exh C, page C-1; plaintiff's affidavit, paragraphs 2, 3. The defendants forfeited this issue by failing to produce documents such as grievances and other complaints filed by the plaintiff. Defendants O'Neill, Whidden, Gotemba and Serrano failed to respond to initial interrogatories which were germane to this issue.

10. The plaintiff disputes defendant O'Neill's denial that he hindered or authorized hindrance to the plaintiff's access to court or confiscated Administrative Directives

2

and replaced them with rewritten Institutional Directives or failed to produce Administrative Directives upon request or forced the law librarian into retirement or removed the copier, computer and Casebase software from the library. Exh D, page D-1; plaintiff's affidavit, paragraphs 4, 5, 6, 7, 8 and 11. The plaintiff also disputes defendant Strange's denial that he was in the decisional loop on the matters listed in the foregoing part of this paragraph 10. Exh E, page E-1; plaintiff's affidavit, paragraphs 4, 5, 6, 7, 8 and 11. The failure of O'Neill and Strange to produce documents such as grievances, internal complaints and departmental and Macdougall policies and scope of individual responsibilities operates to enable this issue to survive summary judgment.

11. The plaintiff asserts that defendant O'Neill was fully aware of the plaintiff's role as library assistant and was in the decisional loop to declassify the plaintiff. Exh D, page D-1; Exh H, page H-1; plaintiff's affidavit, paragraphs 1, 4, 5, 11. If defendant O'Neill had responded to the initial interrogatories and production of documents he could have addressed, inter alia, the matter of whether the library was part of his portfolio of responsibilities. Adequate responses to discovery would have produced the plaintiff's grievance which

3

was one of many documents confiscated in Virginia.

12. The plaintiff disputes defendant Strange's denial that he was unaware of any occasion when persons on the plaintiff's visiting list were delayed or prevented from visiting. Exh F, page F-1; plaintiff's affidavit, paragraph 9. Strange's failure to produce relevant documents undermines his motion for summary judgment.

13. The plaintiff disputes defendant Serrano's assertion that filming the plaintiff naked in a cold room prior to transfer to Virginia was standard CDOC operating procedure. Defendant Serrano failed to produce documents describing standard operating procedure and he failed to produce marked, secured and stored tapes. The plaintiff does not have access to this evidence. See plaintiff's affidavit, paragraph 10; Exh G.

14. The plaintiff admits that the duties of defendant Cupka did not involve the handling or routing of incoming or outgoing mail at Greensville, but the plaintiff disputes Cupka's denial that he caused some of the plaintiff's mail to be intercepted, some of it disappearing and some of it delayed; i.e., the plaintiff claims Cupka unlawfully handled or routed the plaintiff's mail. See motion for injunction dated 8/1/02; plaintiff's

4

exhibits attached to motion of 8/1/02; plaintiff's declaration in support of motion of 8/1/02; plaintiff's affidavit, paragraphs 14, 15, 16; Amended complaint of 11/17/03, Apx A.

15. Cupka stated the plaintiff has "paranoid delusions" in his 5/19/03 response to the plaintiff's 5/19/03 inquiry. Exh I, J, K, L, M, N, O, Q, R; plaintiff's affidavit, paragraph 16.

16. Cupka hindered the plaintiff's attempts to get the Inmate Legal Assistance to Prisoner number on the plaintiff's PIN list, although the CT/VA Correctional Services Contract required him to do so. Exh M; plaintiff's affidavit, paragraph 18. Note Cupka's failure to produce the successive CT/VA contracts in response to paragraph 8 of the plaintiff's 1/5/06 request for production of documents. There was no reference in the contract or anywhere else to authorized calls. There is no reference in this lawsuit to Prison Legal Services.

17. Cupka's discriminatory animus toward the plaintiff was such that the plaintiff was forced to secure 149 days of 7-day job credit good time via grievance. The plaintiff is still owed time

5

for the last reporting period. Paragraph 22 of the defendants' Local Rule 56(a)1 Statement contradicts the assertion in paragraph 17 that "Cupka never deprived the plaintiff of any Job Credit Time to which he was entitled." Exh O, P, R; plaintiff's affidavit, paragraph 19.

18. The plaintiff has hearsay evidence that Cupka spread rumors about the plaintiff to inmates and staff and induced cellmates of the plaintiff to provoke altercations and/or steal the plaintiff's property.

19. Admit.

20. Admit.

21. The plaintiff was awarded 68 days, but should have been awarded 140 days for the period 9/1/93 to 2/1/98. Exh U; plaintiff's affidavit, paragraph 20.

22. Admit.

23. Neither the maximum release date nor the estimated release date is at issue in this case.

6

The early release eligibility date is at issue. Exh S, T, U; plaintiff's affidavit, paragraph 21; also see supplemental complaint.

Respectfully submitted,

*[signature]*
10/3/06

*[signature]*
William Connelly
#123901
Enfield Correctional Institution
289 Shaker Road
Enfield, CT 06082

## Certification

I hereby certify that a copy of the foregoing Local Rule 56(a)2 Statement was mailed on July 10, 2006 to Assistant Attorney General Robert B. Fiske III, 110 Sherman Street, Hartford, CT 06105; tel: (860) 808-5450; fax: (860) 808-5591.

*[signature]*
10/3/06

*[signature]*
William Connelly

7