UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| WILLIAM CONNOLLY | : | PRISONER<br>CIVIL NO. 3:00CV720(JCH)(HBF) |
|  | : |  |
| v. | : |  |
|  | : |  |
| DAVID COSGROVE, ET AL | : | OCTOBER 18, 2006 |

## MEMORANDUM IN OPPOSITION TO MOTION TO FILE SUPPLEMENTAL COMPLAINT

The defendants, by and through their undersigned counsel, hereby oppose plaintiff's Motion to file a Supplemental Complaint, dated July 3, 2007, but filed September 19, 2006, (Doc. #100).

By way of his Motion, the plaintiff is seeking to amend his complaint to add allegations which occurred after the original complaint was filed, but relate back to the original complaint. This motion should be denied, because the plaintiff has had ample opportunity to amend during the six years this case has been pending, and in fact has already amended the complaint four times[1]. Consequently, the plaintiff's motion to amend should be denied. Indeed, the plaintiff had ample time to determine which claims he wished to file and now that he is facing summary judgment, he should not be permitted to amend to add new claims or defendants. It is simply too late and would be too prejudicial to the defendants.

Moreover, the allegations he is seeking to add do not appear to sufficiently allege the

---

[1] The original Complaint was filed April 20, 2000 (Doc. 2). The plaintiff filed an Amended Complaint, adding allegations against fourteen new defendants on February 4, 2002 (Doc. 8). On March 18, 2003, the Amended Complaint was dismissed (Doc. 29). On November 6, 2003, the plaintiff filed a new Amended Complaint with attachments (Doc. 41, 44). On September 30, 2004, the Court dismissed several claims and defendants from the Amended Complaint, but the case proceeded against those remaining (Doc. 51). On January 15, 2006, the defendants filed an Answer with Affirmative Defenses (Doc. 68), and on May 12, 2006, filed for Summary Judgment (Doc. 84).

personal involvement of any of the defendants, new or old, in any constitutional violation. And in any event, the "new" claims would be barred by the three year Statute of Limitations, thus rendering them futile.

The rules of federal procedure provide that leave to amend should be freely given when justice so requires. Rule 15(a), F.R.Civ. P.; *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct.227, 9 L.Ed.2d 222 (1962). However, the court has discretion in deciding whether or not to grant leave to amend. *Azurite Corp. v. Amster & Co.*, 52 F.3d 15, 19 (2nd Cir. 1995). Even in cases involving *pro se* litigants, it has been held that leave to amend need not be given if the proposed complaint does not indicate that a valid claim may be stated. *Platsky v. CIA*, 953 F.2d 26, 29 (2nd Cir. 1991) (per curiam). And it need not be granted if it would be futile. *Pargburn v. Culbertson*, 200 F.3d 65, 70-71 (2nd Cir. 1999); *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 123 (2nd Cir. 1991); *Katzman v. Khan*, 67 F.Supp.2d 103 (E.D.N.Y. 1999); *Tri-State Judicial Services, Inc. v. Markowitz*, 624 F.Supp. 925, 926 (E.D.N.Y. 1985).

In the instant case, the plaintiff has no legitimate reason to amend his complaint for what would now amount to a fifth time. If the plaintiff's Motion To File A Supplemental Complaint is granted, the defendants will be extremely prejudiced and forced to defend what has become a series of morphing claims. The plaintiff has already amended his complaint four times, thus removing any prejudice he may claim. It is time for this case to proceed on the current operative complaint and a decision to be made on the pending motion for summary judgment..

Accordingly, for the foregoing reasons, the plaintiff's Motion To File A Supplemental Complaint should be denied.

DEFENDANTS
David Cosgrove, et al

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: \_\_/s/_____
Robert B. Fiske, III
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct17839
E-Mail:  robert.fiske@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this, the 18th day of October, 2006:

Mr.  William Connolly, #189009
Enfield Correctional Institution
289 Shaker Road
Enfield, CT 06082

\_\_/s/_____
Robert B. Fiske, III
Assistant Attorney General