## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM CONNELLY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | 3:00 CV 720 (JCH) |
| | : | |
| THERESA C. LANTZ, Commissioner of the | : | |
| Connecticut Department of Correction, | : | |
| | : | JANUARY 25, 2007 |
| Defendant. | : | |
| | : | |

## THIRD AMENDED COMPLAINT

By and for his Third Amended Complaint, superseding all others in this case, plaintiff William Connelly alleges as follows:

**Preliminary Statement**

This is a civil rights action. Mr. Connelly, a state prison inmate, seeks declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. But for Public Act 90-261, a law passed after he committed the offenses for which he is incarcerated, Mr. Connelly would be eligible for consideration by the defendant Commissioner of the Connecticut Department of Correction for early release to a community residence. The Commissioner's application of Public Act 90-261 to him, as codified and amended, is therefore an *ex post facto* punishment in violation of his rights under Article I, Section 10 of the U.S. Constitution and Section 1983.

**The Parties**

1. Plaintiff William Connelly is an inmate in the custody of the Connecticut Department of Corrections for offenses committed on November 10, 1989. Mr. Connelly is presently incarcerated at the Enfield Correctional Institution.

71374533.1

2. Defendant Theresa C. Lantz is the Commissioner of the Connecticut Department of Correction, having been appointed to that position on March 11, 2003. Mr. Connelly is in the custody of Commissioner Lantz.

**Jurisdiction**

3. The Court has subject matter jurisdiction over plaintiff's claims under 42 U.S.C. §§ 1331 and 1343(a)(3).

**Facts**

4. Mr. Connelly was arrested on November 10, 1989 as a consequence of a shooting and hostage incident involving two of his brothers.

5. From November 24, 1989 through April 20, 1990, Mr. Connelly was confined in the Hartford Correctional Center, a pretrial detention facility.

6. On April 20, 1990, Mr. Connelly was found not guilty by reason of insanity of the crimes with which he had been charged. Mr. Connelly was immediately confined at the Whiting Forensic Institute.

7. On August 16, 1994, on Mr. Connelly's petition, his insanity acquittal was vacated. Mr. Connelly was transferred back to Hartford Correctional Center.

8. On January 26, 1995, Mr. Connelly was convicted on two counts of kidnapping and two counts of assault, all in the second degree. On March 3, 1995, Mr. Connelly was sentenced to serve a total period of incarceration of 40 years.

9. On March 14, 1995, Mr. Connelly was transferred to MacDougall Correctional Institution, where he remained incarcerated until February 9, 2001, in the custody of the then Commissioner of Correction.

10. By order of the Connecticut Supreme Court, Mr. Connelly has received credit against his sentence for the time he spent confined at the Whiting Forensic Institute.

11. On February 1, 2000, Mr. Connelly applied for consideration for early release pursuant to Conn. Gen. Stat. § 18-100(e)(1989).

12. Mr. Connelly's request was addressed by Virginia Golemba, an employee of the Connecticut Department of Correction, acting on behalf of the Commissioner.  Ms. Golemba's written response to Mr. Connelly, in its entirety, was as follows:  "Dear Mr. Connelly, Your Request for Community Release is denied.  Under Ct General Statue [sic] You do not meet the Criteria."

13. On February 9, 2001, Mr. Connelly was transferred to Cheshire Correctional Center in preparation for transfer to the Greensville Correctional Center in Virginia pursuant to an interstate compact.

14. On February 14, 2001, Mr. Connelly was transferred to Greensville.  While incarcerated at Greensville, Mr. Connelly remained in the legal custody of the Connecticut Commissioner of Correction.

15. On October 20, 2003, in response to a further application by Mr. Connelly for consideration for early release, Major Lynn Milling, an employee of the Connecticut Department of Correction, acting on behalf of Commissioner Lantz, wrote to Mr. Connelly denying his request.  Major Milling told Mr. Connelly, among other things, that he was "not currently eligible for early release pursuant to section 18-100."

16. Citing a law not in effect on the date of Mr. Connelly's offenses, Major Milling advised that "a person convicted of one or more crimes who is incarcerated on or after October 1, 1990, who received a definite sentence or an aggregate sentence of more than two years

and who has been confined under such sentence or sentences for not less than one-half of the aggregate sentence or one half or more of the recent sentence imposed by the court, whichever is greater, may be allowed to go at large on parole."

17. Major Milling, asserting the position of the defendant, Commissioner Lantz, concluded: "Since you were sentenced to a definite term of 40 years you will be eligible for parole after serving 20 years. Your parole eligibility date is November 13, 2009."

18. On August 22, 2004, Mr. Connelly was transferred back to Connecticut, to the MacDougall-Walker Correctional Institution.

19. On October 28, 2004, Mr. Connelly was transferred to Robinson Correctional Institution.

20. On April 13, 2005, Mr. Connelly was transferred to the Enfield Correctional Institution, where he remains incarcerated today.

21. On August 17, 2006, Commissioner Lantz, acting through her agents, completed a Classification Review of Mr. Connelly.

22. In the Classification Review, Mr. Connelly was deemed not eligible for community release until eighteen months from discharge or a voted-to-parole date.

23. To the present date, Commissioner Lantz has refused and refuses to consider Mr. Connelly's request for early release to a community residence or otherwise pursuant to Conn. Gen. Stat. § 18-100(e)(1989).

**Count I**

24. Plaintiff realleges and incorporates as if set forth herein the allegations of paragraphs 1-23.

25. At all relevant times, Mr. Connelly has been in the legal custody of Commissioner Lantz or her predecessors.  Mr. Connelly is presently in the legal custody of Commissioner Lantz.

26. The early release law in effect on November 10, 1989 was part of a non-parole release system in which the Commissioner of Correction had discretion to release persons in her custody, including to an approved community residence.  Inmates released by the Commissioner to a community residence remained in the legal custody of the Commissioner.

27. At that time, and for some period of time thereafter, the Commissioner of Correction frequently exercised discretion to release inmates to private residences in the community.

28. On information and belief, as of November 10, 1989, the Connecticut Commissioner of Correction had discretion to release an inmate in Mr. Connelly's current status.

29. On October 1, 1990, Public Act 90-261, partially codified at Conn. Gen. Stat. § 54-125a, established a system of parole in the State of Connecticut.  As codified, Public Act 90-261 authorized a Board of Paroles to release inmates from the custody of the Commissioner to the custody of the Board after an inmate had served at least half of his sentence.

30. Public Act 90-261 established new and increasing limitations on the Commissioner's discretion to release inmates who were remanded to her custody in the future.  For example, any person convicted and incarcerated for an offense committed on or after October 1, 1991 could not be released to an approved community residence unless he had served at least 25% of the sentence imposed.  A person convicted and incarcerated for an

offense committed on or after October 1, 1992 could not be released without serving at least 40% of his sentence.

31. Effective July 1, 1993, Public Act 90-261 purported to remove altogether the Commissioner's authority to release inmates in her custody to an approved community residence. This portion of Public Act 90-261 purported to apply even to inmates like Mr. Connelly who were convicted and incarcerated for offenses committed before it was enacted.

32. In reliance on Public Act 90-261, as codified and amended, Commissioner Lantz disclaims any authority to consider Mr. Connelly for early release and denies that he is eligible for such release.

33. Commissioner Lantz is acting under color of state law.

34. As applied to Mr. Connelly, Public Act 90-261 is an *ex post facto* punishment in violation of Article I, Section 10 of the U.S. Constitution.

35. By virtue of the foregoing, Commissioner Lantz has deprived, and is continuing to deprive, Mr. Connelly of his constitutional rights under color of state law in violation of 42 U.S.C. § 1983.


WHEREFORE, the plaintiff requests that the Court grant the following relief:

1) Declare Public Act 90-261, at least insofar as applied adversely to Mr. Connelly, to be unconstitutional under the *Ex Post Facto* clause of the U.S. Constitution;

2) Enjoin Commissioner Lantz to consider Mr. Connelly's application for early release under Conn. Gen. Stat. § 18-100(e) under the rules, regulations, directives, guidelines, standards, policies and customs in effect on November 10, 1989;

3)  Award Mr. Connelly his fees and costs; and

4)  Grant such other and further relief as justice may require.

PLAINTIFF, WILLIAM CONNELLY

By:         /s/ Jonathan B. Tropp_____
            Jonathan B. Tropp (ct11295)
            jbtropp@daypitney.com
            Catherine Dugan O'Connor (ct17316)
            cdoconnor@daypitney.com
            William C. Mercer (ct26526)
            wcmercer@daypitney.com
            DAY PITNEY LLP
            One Canterbury Green
            Stamford, CT 06901
            Tel:  (203) 977-7300
            Fax:  (203) 977-7301
            His Attorneys

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, by U.S. Mail, First Class

Postage Prepaid on January 25, 2007, to the following:


Robert B. Fiske, III
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105

                                    /s/ Jonathan B. Tropp_____
                                    Jonathan B. Tropp