UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM CONNOLLY | : | NO. 3:00CV720(JCH) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| THERESA LANTZ | : | |
| *Defendant* | : | JUNE 25, 2007 |

**DEFENDANT'S LOCAL RULE 56(c) STATEMENT OF FACTS**

Pursuant to Rule 56(c) of the Local Rules of Civil Procedure, the defendant, Theresa Lantz, files this statement of undisputed material facts in support of her Motion for Summary Judgment.

1.   On November 10, 1989, Mr. Connolly became involved in a shooting and hostage incident involving his two brothers that resulted in his arrest for kidnapping and assault. Exhibit A[1], ¶4; Exhibit B[2], pg. 908.

2.   From November 13, 1989, through April 20, 1990, Mr. Connolly was in the custody of the Connecticut Department of Correction and confined at the Hartford Correctional Center as an unsentenced pretrial detainee. Exh. A, ¶ 5; Exh. C[3], ¶ 6.

---

[1] Exhibit A: Plaintiff's Complaint, dated January 25, 2007.
[2] Exhibit B: *Connolly v. Comm. Of Correction*, 258 Conn. 394, 398-401; 780 A.2d 903 (2001).
[3] Exhibit C: Affidavit of Mary Jane Steele, dated June 21, 2007.

3.      From 1989 to 1991, the Department of Correction had a program of community release for sentenced inmates. Exh. D[4], ¶ 7. It consisted primarily of supervised home release (SHR), as well as halfway house placement. Exh. D, ¶ 11.

4.      The guidelines for the release of sentenced inmates under these community release programs involved both eligibility requirements and suitability factors. Eligibility was a set criteria an inmate must meet in order to be considered for community release programs. Suitability factors included both objective and subjective criteria, assessing the inmate's risk to the community, involving prior criminal history, institutional history, history of violence, prior community release failures, etc. Exh. D, ¶ 9.

5.      In 1989, the classification guidelines required that an inmate be within 30 months of his estimated release date. Exh. D, ¶ 7; Exh. E[5].

6.      On April 20, 1990, Mr. Connolly was tried to the court and found not guilty by reason of lack of capacity due to mental disease or defect. Exhibit A, ¶ 6; Exhibit B, 258 Conn. at 399.

7.      Upon his finding of not guilty by reason of lack of capacity due to mental disease or defect by reason of insanity on April 20, 1990, Mr. Connolly was immediately transferred from the custody of the Department of Correction, to the Whiting Forensic Institute for an examination. Exh. A, ¶6: Exh. B, 258 Conn. at 399; Exh. C, ¶ 6.

8.      Upon completion of the examination, Mr. Connolly was committed by the court, Holzberg, J. to the custody of the commissioner of mental health for a period of ten years, subject to periodic review by the mental health review board. Exh. B, 258 Conn. at 399. Judge Holzberg directed that Mr. Connolly be confined at Whiting Forensic Institute. Exh. B, 258 Conn. at 399.

---

[4] Exhibit D: Affidavit Fred Levesque

2

9. On May 18, 1990, the State of Connecticut approved Public Act 90-261. This act established parole in Connecticut for definite sentences for persons convicted of felonies and incarcerated on or after October 1, 1990. Exh. F[6]

10. In 1991, the guidelines for SHR were extended to allow for community release for sentenced inmates within 36 months of their estimated release date. Exh. G[7].

11. Inmates who were not within the appropriate time frames were not considered for community release. Only inmates within the time frames would be considered and reviewed for other eligibility factors, but the decision was entirely discretionary and was made by the facility Warden, who had been delegated by the Commissioner to be the decision maker in community release cases. Exh. D, ¶ 9.

12. There was never a requirement that every inmate had to be mandatorily reviewed for community release. Exh. D, ¶ 10.

13. No inmate who exceeded the 30 month or 36 month time frames for the purpose of transfer to either halfway house or SHR was ever released to the community. Exh. D, ¶ 7.

14. Transfer to SHR was ended by statute as of July 1, 1993. Exh. D, ¶ 11.

15. On August 16, 1994, Mr. Connolly's acquittal by reason of mental disease or defect was vacated. Exh A, ¶ 7; Exh. B, 258 Conn. at 401.

16. On September 9, 1994, Mr. Connolly was returned to the custody of the Department of Correction as a pretrial detainee. Exh. C, ¶ 6.

17. On January 26, 1995, Mr. Connolly was found guilty of two counts of kidnapping and two counts of assault, all in the second degree. Exh. A, ¶ 8; Exh. B, 258 Conn. at 401.

---

[5] Exhibit E: 1989 SHR classification criteria, (attached to Exhibit D).
[6] Exhibit F: P.A. 90-261
[7] Exhibit G: 1991 SHR classification criteria, (attached to Exhibit D).

18. On March 3, 1995, Mr. Connolly was sentenced to a definite sentence term of forty years imprisonment. Exh. A, ¶8. The judgment of the trial court was affirmed by the appellate court. Exh. B, 258 Conn. at 401.

19. In the 1980's, parole in Connecticut was for indeterminate sentences. An inmate was eligible to be heard by the Board of Parole once they satisfied their minimum term. Exh. H[8].

20. When the plaintiff was sentenced in 1995 to fixed term of 40 years, the Supervised Home Release program had been eliminated and a statute which provides for parole for inmates with sentences greater than two years, had become effective. Exh. D, ¶ 13; Exh. I[9]. This statute required that inmates serve half their sentence before becoming eligible for parole. Exh. H & I.

21. By order of the Connecticut Supreme Court, Mr. Connolly has received credit against his sentence for the time he spent at the Whiting Forensic Institute. Exh. A, ¶10; Exh. B, 258 Conn. at 399.

22. Including all credits attributed to his sentence, the plaintiff's parole eligibility date is to be determined by the Board of Pardons and Paroles to be after completion of 50% of his sentence. This 50% eligibility date is currently calculated to be November 13, 2009. Exh. C, ¶ 7; Exh. I.

23. The primary decision maker and release authority is now the Board of Pardons and Paroles. Exh. D, ¶ 13.

24. The plaintiff is not eligible for early release pursuant to § 18-100 until he has only 18 months remaining on his sentence prior to his estimated release date of January 5, 2018, or July 2016, which might be an earlier date if granted a firm parole date by the Board of Pardons and Paroles. Exh. D, ¶ 13; Exh. I.

---

[8] Exhibit H: Conn. Gen. Stat. § 54-125a.

25.     The plaintiff is eligible for parole in November 2009.  Exh. D, ¶ 6; Exh. I.

---

[9] Exhibit I;  Letter by Lynn Milling to plaintiff, dated October 20, 2003.

```
                              DEFENDANT
                              THERESA LANTZ

                              RICHARD BLUMENTHAL
                              ATTORNEY GENERAL


                       BY:   /s/_____
                              Steven R. Strom
                              Assistant Attorney General
                              Federal Bar No. 01211
                              110 Sherman Street
                              Hartford, CT  06105
                              Tel: (860) 808-5400
                              Fax: (860) 808-5591
```

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this, the 25th day of June, 2007, first class postage prepaid to:

> Mr. Jonathan Tropp. Esq.
> Mr. William C. Mercer, Esq.
> Day Pitney
> One Canterbury Green
> Stamford, CT 06901-2047

             /s/
            Steven R. Strom
            Assistant Attorney General