**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| WILLIAM CONNOLLY | : | NO.  3:00CV720(JCH) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| THERESA LANTZ, Commissioner of the | : | |
| Connecticut Department of Correction | : | |
| *Defendant* | : | JUNE 22, 2007 |

**THE DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO THE PLAINTIFF'S THIRD AMENDED COMPLAINT**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, the defendant, Theresa Lantz,

hereby files her Answer and Affirmative Defenses to the plaintiff's Third Amended Complaint,

(hereinafter referred to as the "Complaint"), dated January 25, 2007, as follows:

**Preliminary Statement**

As to the allegations contained in the Preliminary Statement section of the Complaint,

they are denied.

**The Parties**

1.      As to the allegations contained in paragraph number one of the Complaint, they

are admitted.

2. As to the allegations contained in paragraph number two of the Complaint, they are admitted.

**Jurisdiction**

3. As to the allegation contained in paragraph number three of the Complaint, it is admitted.

**Facts**

4. As to the allegation contained in paragraph number four of the Complaint, it is admitted that November 10, 1989 was the date of his crimes, but as to all remaining allegations contained in paragraph four of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

5. As to the allegations contained in paragraph number five of the Complaint, they are admitted.

6. As to the allegations contained in paragraph number six of the Complaint, they are admitted.

7. As to the allegations contained in paragraph number seven of the Complaint, the defendants admit that on August 16, 1994, his acquittal by reason of mental disease or defect was vacated, but deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof as to all remaining allegations contained therein.

8. As to the allegations contained in paragraph number eight of the Complaint, they are admitted.

9. As to the allegations contained in paragraph number nine of the Complaint, they are admitted.

2

10.    As to the allegations contained in paragraph number ten of the Complaint, they are admitted.

11.    As to the allegations contained in paragraph number eleven of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

12.    As to the allegations contained in paragraph number twelve of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

13.    As to the allegations contained in paragraph number thirteen of the Complaint, they are admitted.

14.    As to the allegations contained in paragraph number fourteen of the Complaint, they are admitted.

15.    As to the allegations contained in paragraph number fifteen of the Complaint, the defendants admit that "[o]n October 20, 2003" "Major Milling, an employee of the Connecticut Department of Correction, acting on behalf of Commissioner Lantz, wrote to Mr. Connolly" and "Major Milling told Mr. Connolly, among other things, that he was 'not currently eligible for early release pursuant to section 18-100'". As to all remaining allegations contained in paragraph fifteen of the Complaint, they are denied.

16.    As to the allegations contained in paragraph number sixteen of the Complaint, they are admitted.

17.    As to the allegations contained in paragraph number seventeen of the Complaint, they are admitted.

18.     As to the allegations contained in paragraph number eighteen of the Complaint, they are admitted.

19.     As to the allegations contained in paragraph number nineteen of the Complaint, they are admitted.

20.     As to the allegations contained in paragraph number twenty of the Complaint, they are admitted.

21.     As to the allegations contained in paragraph number twenty-one of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

22.     As to the allegations contained in paragraph number twenty-two of the Complaint, the defendants deny knowledge or information sufficient to form a belief and leave the plaintiff to his proof.

23.     As to the allegations contained in paragraph number twenty-three of the Complaint, they are denied for the reasons that they call for legal argument, are incomplete, and would require a lengthy explanation in response.

**Count I**

24.     The defendant reasserts and incorporates as if set forth herein, the responses to paragraphs 1-23 of the Complaint, as if fully set forth herein.

25.     As to the allegations contained in paragraph number twenty-five of the Complaint, the defendants admit that Mr. Connelly is presently in the legal custody of Commissioner Lantz, but deny all remaining allegations contained in paragraph twenty-five of the Complaint, and leave the plaintiff to his proof.

26.     As to the allegations contained in paragraph number twenty-six of the Complaint, the defendants admit that inmates released by the Commissioner to a community release residence remained in the legal custody of the Commissioner, but deny the allegation that it was and "early release law" and deny all remaining allegations contained in paragraph twenty-six of the Complaint, for the reasons that they are incomplete and inaccurate and would require a lengthy response.

27.     As to the allegations contained in paragraph number twenty-seven of the Complaint, they are denied, for the reasons that they are incomplete and inaccurate and would require a lengthy response.

28.     As to the allegations contained in paragraph number twenty-eight of the Complaint, they are denied.

29.     As to the allegations contained in paragraph number twenty-nine of the Complaint, they are denied and the plaintiff is left to his proof, as the Public Acts and Conn. Gen. Statutes cited in paragraph twenty-nine of the Complaint speak for themselves.

30.     As to the allegations contained in paragraph number thirty of the Complaint, they are denied and the plaintiff is left to his proof, as the Public Act cited therein speaks for itself.

31.     As to the allegations contained in paragraph number thirty-one of the Complaint, that "[e]ffective July 1, 1993, Public Act 90-261 purported to remove altogether the Commissioner's authority to release inmates in her custody to an approved community residence" are denied, as the Public Act speaks for itself, and all remaining allegations in paragraph thirty-one of the Complaint are denied for the reasons that they call for legal argument.

32.     As to the allegations contained in paragraph number thirty-two of the Complaint, they are denied for the reasons that the Public Act cited therein speaks for itself and they call for legal argument, are inaccurate and incomplete.

33.     As to the allegation contained in paragraph number thirty-three of the Complaint, it is admitted.

34.     As to the allegation contained in paragraph number thirty-four of the Complaint, it is denied.

35.     As to the allegations contained in paragraph number thirty-five of the Complaint, they are denied.

**Request For Relief**

1.     As to the plaintiff's request for relief in paragraph one of this subsection of the Complaint, it should be denied.

2.     As to the plaintiff's request for relief in paragraph two of this subsection of the Complaint, it should be denied.

3.     As to the plaintiff's request for relief in paragraph three of this subsection of the Complaint, it should be denied.

4.     As to the plaintiff's request for relief in paragraph four of this subsection of the Complaint, it should be denied.

**AFFIRMATIVE DEFENSES**

Pursuant to Rules 7 and 12 of the Federal Rules of Civil Procedure, the defendant raises the following affirmative defenses to the allegations contained in the plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim for a violation of the Ex Post Facto Clause of the United States Constitution.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim for injunctive and/or declaratory relief.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a federal claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a state claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint is seeking the federal court to decide questions which are based solely on state law, which is barred by the Eleventh Amendment under Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint has been made moot by intervening events and thus does not

create any case or controversy between the parties entitling the plaintiff to relief.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff lacks standing and thus this court is without jurisdiction.

DEFENDANT
THERESA LANTZ


RICHARD BLUMENTHAL
ATTORNEY GENERAL



_____/s/_____
BY:   Robert B. Fiske, III
      Assistant Attorney General
      110 Sherman Street
      Hartford, CT 06105
      Tel.: (860) 808-5450
      Federal Bar No. #ct17831
      e-mail: robert.fiske@po.state.ct.us


## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this, the 25th day of June, 2007,

by first class postage prepaid, to:

Mr. Jonathan Tropp, Esq.
Mr. William C. Mercer, Esq.
Ms. Catherine Dugan O'Connor, Esq.
DAY PITNEY LLP
One Canterbury Green
Stamford, CT 06901


_____/s/_____
Robert B. Fiske, III
Assistant Attorney General

9