UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED 2007 AUG -1 P 3:19
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

William Connelly : No. 3:00CV720(JCH)
:
v. :
:
Theresa Lantz : July 24, 2007

Notice to Court and Adversary Party of Intent to Proceed Pro Se.

The plaintiff, William Connelly, hereby notifies the Court and counsel for the defendant that the plaintiff is discharging Attorneys Jonathan Tropp, William Mercer and Catharine O'Connor and will proceed pro se.

Attached is a letter of notification to Attorney Tropp.

Respectfully submitted,

William Connelly
#189009
Enfield C.I.
289 Shaker Road
Enfield, CT 06082

Certification.
This is to certify that a copy of this document was mailed to Steven R. Strom and Robert B. Fiske, Assistant Attorneys General, 110 Sherman Street, Hartford, CT 06105; tel: (860)808-5450; on July 24, 2007.

July 24, 2007

To: Atty. Jonathan Tropp
From: William Connelly
Re: Connelly v. Lantz, 3:00CV720(JCH); withdraw as counsel

Please withdraw as counsel in the above-referenced case. (Attorneys Mercer and O'Connor must also withdraw.)

Although a client may discharge an attorney without giving reasons, I offer a small sample of the reasons as follows:

1. Your letter dated 5-11-07 stated that although DOC could compile the information I requested in discovery for its own purposes (I had suggested DOC would retrieve the information to support a proposal to build new prisons), my claim was not sufficiently important so as to expect DOC to comply with my discovery requests.

2. DOC has produced Administrative Directives with a gap between 1979 and 1991. You have acquiesced despite the fact that the crime occurred on 11-10-89 and the Administrative Directive on that date would be controlling.

3. You failed to depose former commissioner Larry Meachum as I requested. Instead you phoned him and gave him the impression that I accused him of misapplying early release statutes and directives. On the contrary, I expected a deposition of Mr. Meachum to support the proposition that, under the statutes and directives in effect on 11-10-89, I am currently

eligible for consideration for early release consistent with Mr. Meachum's proper execution of the law circa 1989.

4. My claim is that I am eligible for early release under two schemes: (1) currently, the DOC non-parole release pursuant to §18-100(e) and (2) as of November of 2009, the 50% parole release pursuant to §54-125a. Although AAG Strom has threatened to oppose my eligibility for parole at 50% if I prevail on my §18-100(e) ex post facto claim, you refuse to brief and argue my eligibility under both schemes. A similar blunder was made by counsel in Mead v. Commissioner of Correction, 282 Conn. 317 (2007) (where counsel failed to timely brief and allege harm regarding a claim).

5. You allowed DOC to limit discovery to records which can be, purportedly, retrieved electronically. You have not tried to inspect relevant data on inmates released under §18-100(e) during the pertinent time period. You have filed neither a motion to compel nor a motion for sanctions.

6. You eviscerated my claims against the other defendants. I foolishly deferred to your judgment.

Send all materials relating to me and to this case to my son, William Connelly, 4600 Connecticut Avenue NW, #532, Washington, DC 20008.

William Connelly