UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM CONNELLY | : | CIVIL NO. 3:00CV-720(JCH) |
| V. | : | |
| THERESA LANTZ | : | SEPTEMBER 7, 2007 |

## DEFENDANT'S OBJECTION  AND MEMORANDUM OF LAW IN OPPOSITION TO PRO SE PLAINTIFF'S MOTION TO COMPEL AND RULE 56(f) MOTION

The defendant, Commissioner Lantz, respectfully objects to plaintiff's motion to compel and Rule 56(f) Motion which seeks to reopen discovery, for several reasons including, but not limited to the following:

1.  The motion to compel was filed *pro se* without complying with the Local Rules, which is a precondition to filing a motion to compel. Rule 37, D. Conn. L. Civ. R., provides in relevant part:

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

Additionally, Local Rule 37(a)(3) requires that any discovery motion filed with the court be accompanied by a detailed memorandum of law containing the specific items of discovery sought or opposed.  Rule 37(a)(3) provides in pertinent part:

> Memoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a) of these Local Rules before any discovery motion is heard by the Court.

2.  Plaintiff failed to confer with opposing counsel by writing a letter setting forth the alleged discovery dispute and made no effort to be reasonable or to act in good faith to resolve plaintiff's untimely and unreasonable discovery demands.

1

3. The motion to compel is filed after the close of discovery, and is untimely. Several telephonic conferences were held in this case. See Docket sheet, [Docs. ##116, 117, 123]. During the conference of 4/25/07, the parties were given an additional 30 days to complete discovery and dispositive motions were to be filed by 6/25/07. Defendant Lantz complied with this schedule and filed her motion for summary judgment on 6/25/07. [Doc. #125]. The plaintiff's attorneys requested an extension of time to respond and it was granted. At no time was a motion to compel filed during the discovery period, nor was a claim of non-compliance with discovery raised by prior counsel of record at the 4/25/07 telephonic status conference, or at any time.

4. During the discovery period, in response to requests of the plaintiff's attorneys, it was explained to them that certain searches they requested were impossible to perform as there were no computerized functions to obtain the information. In support of this position Defendant Lantz supplied an affidavit by Pei Ti Lee, a Systems Programmer 4, the highest level of computer programmer and a nationally recognized computer expert, that the some of the data sought by plaintiff is beyond the capability of the state's computer system.(see attached). Nevertheless, upon providing Defendant Lantz with the names of ten inmates believed to have been released on SHR, the defendant agreed to, and completed, a time consuming manual search of those records, which yielded no information pivotal to the plaintiff's claim. Given the voluminous and time consuming nature of each inmate search, plaintiff's prior counsel of record agreed that it would be unreasonable to require such a manual file review for all inmates released on SHR. Like it or not, the plaintiff is bound by the agreements of his attorneys. See Nemaizer v. Baker, 793 F.2d 58, 62(2d Cir. 1986). Plaintiff's counsel pursued information for ten known inmates and acted reasonably in not demanding thousands of files. Having not acted earlier to fire his counsel, or file a motion to compel to alert the Court or the Defendant of any alleged deficiency or dissatisfaction with the discovery

provided, plaintiff cannot now avoid the consequences of his prior counsel's alleged acts or omissions. Nemaizer, supra, citing Link v. Wabash Railroad Co., 370 U.S. 626, 633-34, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962). If the plaintiff truly had any issue regarding discovery, he was obligated to raise it prior to receiving the defendant's motion for summary judgment and his counsel's response to that motion. Accordingly, the motion to compel is unreasonable at this late date.

   5. Furthermore, the information he now seeks to compel, is impossible to attain without a painstaking individual review of thousands of paper inmate master files. The defendant and her staff cannot reasonably be expected to manually search through thousands of inmate files. Ms. Mary Jane Steele completed a manual search of only ten files and this task required more than 40 hours of work, requiring Ms. Steele to take work home and complete the task at nights and on weekends, despite the fact that she is a Monday to Friday, 40 hour a week employee of the DOC. Ms. Steele estimates that 4 to 5 hours of manual file review was required for each file. Such burdensome and time consuming tasks interfere with her normal duties of record keeping and sentence calculation which are essential to the orderly functioning of the DOC, and are critical so that inmates are not incarcerated beyond their discharge dates or released early inadvertently. To the extent that an affidavit attesting to these facts is needed, Ms. Steele has indicated to the undersigned that she would attest to the above facts, and one can easily be provided.

   6. Prior counsel of record are experienced counsel and performed competent and highly professional legal services for plaintiff, and conducted thorough discovery. Indeed, at the telephonic conference held with Magistrate Judge Fitzsimmons on September 5, 2007, plaintiff stated that he had already responded to the motion for summary judgment and that he was "comfortable" that prior counsel of record had supplied the court with the documents he needed to oppose the pending summary judgment motion. Consequently, the filing of plaintiff's summary judgment opposition

should constitute a waiver of his claim of his claim under Rule 56(f) for more discovery. Accordingly, the Motion pursuant to Rule 56(f) is unnecessary and should be denied as moot.

7.   This Court has repeatedly in many different cases warned *pro se* litigants that they must comply with all the rules of court. For example, Judge Kravitz in Greene v. Wright, No. 3:04CV658 (MRK) 2006 U.S. Dist. LEXIS 64875 (D.Conn. 2006) stated, "the Court emphasizes that even though he is a *pro se* party, he must nonetheless follow all of the rules -- federal and local --including the rules requiring a signature on all discovery pleadings and a good faith conference before filing discovery-related motions. See also, Collins v. Experian Credit Reporting Serv., 2005 U.S. Dist. LEXIS 19806 , No. 3:04CV1905, 2006 WL 1668766, at *2 (D. Conn. 2006)."

8.   Lastly, the plaintiff's vexatious litigation conduct, including his eleventh hour discharge of prior counsel of record who worked diligently on plaintiff's behalf, multiple delays of this case due to constant changing of claims and demands for additional "fishing expedition" discovery, make this case a never ending moving target with no finality, no resolution of any issues and unnecessarily complicates and burdens the resources of not only the defendant and her counsel, but the Court as well.  This Court on 8/6/07 [Doc. #135] stated that it does not expect to grant any further extensions of time.  Plaintiff's request for a continuance contained in his Rule 56(f) motion [Doc # 139] and his motion to compel [Doc. #138] should both be denied, as such motions are designed solely to further delay the final disposition of this seven year old case.

                              DEFENDANT
                              Theresa Lantz

                              RICHARD BLUMENTHAL
                              ATTORNEY GENERAL

BY:   /s/
                              Steven R. Strom
                              Assistant Attorney General
                              110 Sherman Street
                              Hartford, CT  06105
                              Federal Bar #ct 01211
                              E-Mail:  steven.strom@po.state.ct.us
                              Tel: (860) 808-5450
                              Fax: (860) 808-5591


## CERTIFICATION

     I hereby certify that a copy of the foregoing  was mailed to the following on this the   7th day of  September,  2007:

William Connelly, # 189009
Enfield CI
POB 1500
Enfield, CT 06082

                                          /s/
                                          Steven R. Strom
                                          Assistant Attorney General