UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM CONNELLY | : | CIVIL NO. 3:00CV-720(JCH) |
| V. | : | |
| THERESA LANTZ | : | NOVEMBER 26, 2007 |

**DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO MOTION FOR RECONSIDERATION**

Introduction

Presently pending before the Court is plaintiff's "Motion Pursuant to Rule 59(e)" in which Mr. Connelly seeks reconsideration and urges the Court to vacate the granting of summary judgment. Mr. Connelly does not provide any new evidence, nor does he point to controlling decisions or facts that the Court overlooked. Instead, he simply reargues the same points he raised in both his opposition brief, as well as in his supplemental brief and at oral argument. Because the plaintiff cannot meet the stringent standard for a motion for reconsideration, and because the Court's ruling granting summary judgment was eminently correct, his motion for reconsideration should be denied. In the alternative, if granted, the ruling should be affirmed.

A. Standard for Reconsideration

In Hock v. Thipedeau, 245 F. Supp. 2d 451 (D.Conn. 2003), Judge Goettel articulated the standard for a motion for reconsideration as follows:

> We set forth first our standard of review for granting a motion for reconsideration. The standard is a strict one. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Such a motion generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Thus, the function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence." *Channer v. Brooks*, 2001 U.S. Dist. LEXIS 15307, No. 3:99 CV2564, 2001 WL 1094964, *1 (D. Conn. Sept. 10, 2001) (citations omitted and internal quotation marks omitted).

See also Reid v. Armstrong, 3:03CV208(JCH), Ruling on Pending Motions (D.Conn. March 28, 2006)(slip op at 1-2)[Doc. # 35]."[A] motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted). Reid v. Armstrong, 3:03CV208(JCH), Ruling on Pending Motions at 2.

Here, as in Reid, the plaintiff has failed to point out any errors of law or fact that the Court overlooked in granting the defendants' motion for summary judgment. In fact, plaintiff's repetitious arguments, at best, attempt to amend his complaint to urge that the requirement that plaintiff be within 18 months of end of sentence or 18 months of a Voted to Parole date to be eligible for halfway house consideration is a violation of the ex post facto clause. This Court correctly noted in its Ruling granting summary judgment that plaintiff's Third Amended Complaint, prepared by counsel, does not make any such claim. Summary Judgment Ruling [Doc. #159] at 14, n. 14. As this Court noted in Reid, at 2, n. 1, "A complaint cannot be amended by a motion for reconsideration. See Natale v. Town of Darien, No. Civ. 3:97CV583 (AHN), 1998 WL 91073, at *4 n. 2 (D. Conn. Feb. 26, 1998) (holding plaintiff may not amend complaint in memorandum of law) (citing Daury v. Smith, 842 F.2d 9, 15-16 (1st Cir. 1988)); Hartford Fire Ins. Co. v. Federated Dep't Stores, Inc., 723 F. Supp. 976, 987(S.D.N.Y. 1989) (same).

Plaintiff was given broad and ample opportunity at oral argument to raise the claims he makes in his motion for reconsideration, and in fact, all of these claims have already been made, or easily could have been made. As noted above, a motion for reconsideration may not be used to plug gaps in an argument once a decision has been made. Mr. Connelly simply disagrees with

the Court's decision, and he disagrees with the Court's statement that, "Connelly has introduced absolutely no evidence on this point at all." Summary Judgment Ruling [Doc. #159] at 13, and at 13, n.12. In footnote 12 this Court considered the evidence set forth in Pei Ti Lee's affidavit and concluded that "The Lee Affidavit does nothing to support Connelly's assertion that inmates have had difficulty obtaining residential placements." Id. at 13, n. 12. In fact, the Court correctly noted that "in Connelly's Opposition to Summary Judgment, he did not argue that a residential placement would be more onerous than community release. Instead, he appears to have taken the position that the community release statute in effect in 1989 is essentially the same as the community release statute in effect today. See Connelly's Mem. in Opp. to Defendant's Mot. for Summ. Judgment at 20-21." Id. at 13, n. 13.

This case is, quite simply, an easy case to decide. The Court correctly recognized that "Connelly has the opportunity to apply for both community release and parole. If Connecticut's new legal regime is more onerous for Connelly (a questionable proposition), then the degree of extra punishment is surely so slight that it cannot be deemed to rise to the level of an ex post facto violation." Id. at 13-14. The Court's Ruling granting summary judgment is clearly correct on both the facts and the law, and is supported by Second Circuit case law authority based on very similar facts. Lee v. Governor of the State of New York, 87 F.3d 55, 59 (2d Cir. 1996) cited in Ruling at 11. This Court correctly analyzed the relevant Connecticut statutes and concluded, "Some legislative changes are so innocuous that they are not of "sufficient moment" to constitute an ex post facto violation. Lee v. Governor of the State of N.Y., 87 F.3d 55, 59 (2d Cir. 1996)." Id at 11. The Court did not overlook any facts nor misapprehend the evidence. There have been no manifest errors of law or fact, and no new evidence has been presented.

3

## CONCLUSION

Accordingly, the plaintiff's motion for reconsideration should be denied.

                              DEFENDANT
                              Theresa Lantz

                              RICHARD BLUMENTHAL
                              ATTORNEY GENERAL

BY: _____
        Steven R. Strom
        Assistant Attorney General
        110 Sherman Street
        Hartford, CT  06105
        Federal Bar #ct 01211
        E-Mail: steven.strom@po.state.ct.us
        Tel: (860) 808-5450
        Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this the 26th day of November, 2007:

   William Connelly, #189009
   Enfield Correctional Institution
   POB 1500
   289 Shaker Rd.
   Enfield, CT 06082

                              _____
                              Steven R. Strom
                              Assistant Attorney General