UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM CONNELLY : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO.: |
| v. : | 3:00-cv-720 (JCH) |
| : | |
| THERESA LANTZ : | |
|     Defendant : | DECEMBER 17, 2007 |

### RULING RE: MOTION FOR RECONSIDERATION (DOC. NO. 162)

Plaintiff William Connelly has filed a Motion asking this court to reconsider its decision granting the defendant's Motion for Summary Judgment on Connelly's Ex Post Facto Clause claim.

The Second Circuit has held that, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts before it may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the

1

underlying motion.") (internal quotation marks omitted).

To the extent that Connelly's Motion simply identifies various inaccuracies in filings submitted by the defendant, the court finds these to be insufficient grounds for reconsideration. The alleged inaccuracies do not call into question the rationale that the court used in granting the defendant's Motion for Summary Judgment.

Most of the remainder of Connelly's Motion is devoted to showing that changes in DOC's administrative policies have resulted in increased punishment for him. Virtually of these arguments were not presented in any sustained manner in Connelly's previous Opposition.[1] In any event, as the court pointed out in its original decision, Connelly's counseled Complaint advanced only a single claim: that retroactive application to Connelly of a statute, P.A. 90-261, constituted an ex post facto violation. If Connelly wished to argue that various changes in administrative policy also constituted violations of the Ex Post Facto Clause, Connelly should have raised those as a separate claim or claims.

To the extent that Connelly offers new arguments that relate to the 2004 statute specifically, the court concludes that Connelly's factual assertions, unsupported by any record evidence, do not meet the standard for reconsideration.[2] Nor does it matter that Conn. Gen. Stat. § 18-100(e) (2005) states that inmates in community release "shall

---

[1] Connelly did previously develop his argument that criteria from the 1989 manual were sometimes ignored when deciding whether or not to release prisoners. But that fact has no bearing on Connelly's claim of statutory retroactivity.

[2] In addition, Connelly's reliance on the Lee affidavit continues to be misplaced. That affidavit does not demonstrate that the difference in statutory language between 1989 and now has subjected Connelly to increased punishment of sufficient moment to trigger the Ex Post Facto clause.

remain under the jurisdiction of said commissioner." The 1989 version of the statute contained identical language.

It is true that the defendant did not discuss the 2004 statute until she filed her Reply. However, Connelly himself raised the issue of the 2004 statute in his Opposition, and he appeared to affirmatively take the position that the 2004 statute had restored DOC's authority to authorize community release. Because Connelly himself called the 2004 statute to the court's attention, the court considered the impact of the 2004 statute on Connelly's claims.

The Motion for Reconsideration, Doc. No. 162, is **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 17th of December, 2007.

      /s/ Janet C. Hall
      Janet C. Hall
      United States District Judge